# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

February 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

DONALD R. TURNER,     )
     )
     Petitioner/Appellant,     )
     )     Appeal No.
     )     01-A-01-9803-CH-00144
VS.     )
     )     Davidson Chancery
     )     No. 97-1837-III
TENNESSEE BOARD OF PAROLES,     )
     )
     Respondent/Appellee.     )

### APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

DONALD R. TURNER
Brushy Mountain Correctional Complex
P. O. Box 2000
Wartburg, Tennessee 37887
     Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

JOHN R. MILES
c/o Attorney General & Reporter
425 5th Avenue North
Nashville, Tennessee 37243-0488
     Attorney for Respondent/Appellee

### AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

An inmate in the custody of the Department of Correction filed a complaint which alleged that the Board of Paroles had acted arbitrarily and fraudulently in denying him parole. The State filed a motion to dismiss for lack of jurisdiction and a motion for summary judgment. The trial court granted both motions. We affirm.

## I.

Donald R. Turner pled guilty to aggravated sexual battery and he was sentenced to eight years imprisonment on July 8, 1993. It appears that at the time he was already serving a sixteen year sentence in a federal prison in California. The court ordered that the sentence on the sexual battery conviction, as well as sentences on four forgery charges he had been convicted of earlier, be served concurrently with his federal sentence.

On April 18, 1995, Mr. Turner was paroled from federal prison. He traveled to Oregon, but was subsequently extradited to this state to complete his Tennessee sentence. On March 11, 1997, Mr. Turner received a parole hearing, which was conducted by Board of Paroles member Tom Biggs. Mr. Biggs recommended that Mr. Turner not be granted parole, citing seriousness of offense as a reason. Two other Board members concurred, and parole was denied on March 21, 1997.

On April 7, 1997, the Board received a document entitled "The Truth Will Set You Free," in which Mr. Turner criticized the manner in which Mr. Biggs conducted his parole hearing, asserted his innocence, challenged the legality of his extradition from Oregon, and complained of the cost borne by taxpayers to keep him locked up. The Board treated this document as a request for an administrative appeal, and

denied the request by letter on April 17, 1997, because "[it] does not meet any of the established criteria for granting a parole hearing." Mr. Turner later stated that he had prepared the document to send to the newspapers, but that his mother had mistakenly sent it instead to the Board of Paroles.

On April 15, 1997, Mr. Turner submitted a standard Board of Paroles form titled "Request for Appeal Hearing," with an attached letter, in which he asserted that Mr. Biggs had failed to consider, or even to look at, evidence that Mr. Turner had completed a course of therapy while in federal custody. The Board denied the request, for the same reason cited in its letter of April 17.

Mr. Turner filed a petition for writ of certiorari in the Chancery Court of Davidson County on June 3, 1997. He claimed that "Seriousness of Offense" was so frequently used by the Board that it had lost all meaning, and thus had become invalid as a basis for denying parole. He also claimed that the Board had acted fraudulently and arbitrarily by not considering all the information available at the parole hearing. The Board filed motions for dismissal and for summary judgment.

The trial court granted the motion to dismiss, finding that since the petition had been filed more than 60 days after the Board's decision of March 21, 1997, the court had been deprived of the jurisdiction required to grant a writ of certiorari. See Tenn. Code Ann. § 27-9-102. The trial court also granted the Board's motion for summary judgment, finding that Mr. Turner had not raised any genuine issues of material fact to refute the affidavit in the record. This appeal followed.

II.

Our courts have had many opportunities to rule upon the significance of the statutory time limit found in Tenn. Code Ann. § 27-9-102 for filing a petition for

a writ of certiorari. Failure to file within sixty days of the administrative action complained of results in the trial court losing jurisdiction over the decision in dispute. *Fairhaven Corp. v. Tennessee Health Facilities Commission,* 566 S.W.2d 885 (Tenn. App. 1976); *Thandiwe v. Traughber,* 909 S.W.2d 802 (Tenn. App. 1994).

The Board of Paroles permits the filing of an administrative appeal from an adverse parole decision, if the appeal is filed within twenty-one days of that decision. Rules of the Board of Paroles 1100-1-1-.07(3)(c). In an unpublished opinion, this court has stated that the filing of a timely appeal with the Board of Paroles tolls the statutory sixty day period, *Phelps v. Tennessee Board of Paroles,* Appeal No. 01-A-01-9603-CH-00102 (filed Nashville November 19, 1997). But even if this opinion could be validly cited as controlling authority, it appears to us self-evident that an untimely appeal would have no such effect.

In the present case, Mr. Turner asserts that he filed his "official" administrative appeal with the Board on April 15, 1997, and admits that the letter the Board received on April 7 was sent in error. It follows that there was no timely administrative appeal, and therefore that the petition for writ of certiorari was itself untimely.

But even if we were to consider Mr. Turner's letter of April 7, 1997 to have constituted a valid and therefore timely appeal, it is clear that he still would not be entitled to the writ he seeks. Under the common law writ of certiorari, the decisions of the Parole Board may be reviewed only to determine whether the Board has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. *Powell v. Parole Eligibility Review Board,* 879 S.W.2d 871 (Tenn. App. 1994). The intrinsic correctness of the Board's decision is not reviewable under the writ. *Arnold v. Tennessee Board of Paroles,* 956 S.W.2d 478 (Tenn. 1997).

Though he stated in his petition that the Board acted fraudulently and arbitrarily, Mr. Turner has not alleged facts sufficient to support this conclusion. He does allege one procedural irregularity: that the hearing officer refused to accept evidence that Mr. Turner had completed a course of therapy while in federal custody. But since the basis for declining parole was unrelated to the completion or non-completion of therapy, the conduct complained of does not raise an inference of fraud or illegality.

In support of its motion for summary judgment, the State offered the affidavit of Vernise Thompson, Custodian of the Records of the Tennessee Board of Paroles. Ms. Thompson's affidavit indicated that the conduct of the hearing was consistent with Mr. Turner's rights with the Rules of the Board of Paroles. *See Wells v. Tennessee Board of Paroles*, 909 S.W.2d 826 (Tenn. App. 1995). She reviewed the audiotape of the one hour hearing and identified five witnesses (all relatives) who appeared on Mr. Turner's behalf, three of whom spoke in support of parole. She also stated that Mr. Turner gave Mr. Biggs letters of recommendation and other documents, which Mr. Biggs placed in Mr. Turner's file, and that these documents were more focused upon the petitioner's convictions than upon other parole considerations.

Mr. Turner offered no evidence to refute the affidavit of Ms. Thompson, nor does he offer any such evidence on appeal. Instead, he emphasizes the unfairness of the decision, especially the use of Seriousness of Offense as a basis for denying parole. However our Supreme Court has conclusively stated in *Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478 (Tenn. 1997), that the Board must consider the seriousness of the offense in its determinations, in order to comply with Tenn. Code Ann. § 40-35-503(b), and that the denial of parole on the basis of this factor does not raise any constitutional issues.

It appears to this court, as it appeared to the trial court, that Mr. Turner is attacking the intrinsic correctness of the Board's decision, but not alleging any fundamental irregularity in the Board's procedures that would require issuance of a writ of certiorari. We therefore reject his appeal.

**III.**

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE