IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2003

## J.L. BEECHUM, JR. v. CHARLES TRAUGHBER

**Appeal from the Chancery Court for Davidson County**
**No. 01-1870-II     Carol L. McCoy, Chancellor**

---

**No. M2003-00150-COA-R3-CV - Filed December 15, 2003**

---

Petitioner, an inmate with the Department of Corrections, sought judicial review of decisions of the Tennessee Board of Probations and Parole first to revoke his parole and then to decline to release him on parole. The Chancery Court for Davidson County denied the inmate's request for relief, and the inmate has appealed. We have determined that the inmate's challenge to the revocation of his parole was untimely and that the inmate's complaint regarding the late certification of the records regarding his Georgia conviction is without merit. Accordingly, we affirm the dismissal of the inmate's petition.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

J.L. Beechum, Jr., Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General, and Dawn Jordan, Assistant Attorney General, for the appellee, Charles Traughber.

## OPINION

On June 13, 2001, Petitioner/Appellant, J.L. Beechum, Jr., filed a Petition for a Writ of Certiorari in the Chancery Court of Davidson County to review an adverse action of the Tennessee Board of Probation and Parole.

On June 7, 1983, Appellant was convicted of second degree murder and armed robbery, receiving a 25 year sentence. He was paroled in April of 1993 and allowed to remove to the State of Georgia, where his family resided. While on parole in Georgia, in April of 2000, Appellant pleaded guilty to the felony offense of violation of the Georgia Controlled Substance Act. Because he was on parole at the time of this guilty plea in Georgia, he was returned to Tennessee for parole

revocation proceedings. A parole revocation hearing was held on June 1, 2000, and by order of June 7, 2000, his parole was revoked. A parole grant hearing was held on December 6, 2000 and by order of December 17, 2000 parole was denied and the board issued a finding that his allegations of misconduct and procedural errors by the hearings' official were not substantiated.

This disposition, being a final disposition, Appellant was notified by letter of September 7, 2000, that: "This disposition is final and there is no further appeal recourse available to you on this matter through the Tennessee Board of Probation and Parole." No application for certiorari was timely filed from the September 7, 2000 disposition, and the next proceeding was a parole hearing held December 6, 2000. The parole board voted to deny parole, and Beechum appealed that decision pursuant to Tennessee Code Annotated section 40-28-105 and the Administrative Rules and Regulations of the Tennessee Board of Probation and Parole. This appeal was denied and Petitioner was notified by letter of May 17, 2001 that:

> Your request for an appeal is denied. The document(s) provided do not support your claim of significant new information or evidence that was not available at the time of your hearing.
>
> Also, upon review the board file and tape recording of the hearing, your allegation of significant procedural error(s) by the Hearings Official(s) was not substantiated.

This disposition is final and there is no further appeal recourse available to you on this matter through the Tennessee Board of Probation and Parole.

Appellant's issues on appeal address two separate proceedings. First, is his parole revocation proceeding resulting in the revocation of his parole which became administratively final on September 7, 2000. Secondly, is the hearing of December 6, 2000, declining his application for parole which became administratively final on May 17, 2001.

His application for a writ of certiorari relative to the September 7, 2000 disposition on parole revocation is untimely, and the trial court properly dismissed it for lack of subject matter jurisdiction. Tennessee Code Annotated section 27-9-102 (2000) provides in relevant part:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principle office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Failure to file the application for a writ of certiorari within sixty days after September 7, 2000 deprived the trial court of subject matter jurisdiction, and the chancellor had no alternative but to dismiss. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78 (Tenn.Ct.App.1999); *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn.Ct.App.1994).

The application for certiorari is timely as to the denial of parole, which became administratively final on May 17, 2001. In this administrative proceeding, the scope of review by the courts is very limited.

> The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn.App.1994)(citations omitted).

The primary complaint asserted on appeal is the alleged consideration by the parole board of documents from the State of Georgia establishing his conviction for violation of the Georgia Controlled Substance Act. When Respondent first filed its Motion for Summary Judgment on August 31, 2001, the Felony Accusation, the Superior Court of Douglas County Final Disposition, and the Notice of Board Action from the Georgia Superior Court were filed by Respondent without proper authentication and certification. This deficiency prompted Petitioner to file a Motion to strike the documents, and by Order of June 18, 2002, the trial court sustained the Motion.

On July 15, 2002, Respondents filed additional copies of the Georgia documents, this time properly authenticated pursuant to Tennessee Rules of Evidence 902 and 1005. These documents, certified by Cindy W. Chaffin, Clerk of the Superior Court of Douglas County, Georgia, disclosed that J.L. Beechum, Jr. was convicted on his plea of guilty of April 27, 2000 of violation of the Georgia Controlled Substances Act, a felony, and sentenced to five years in confinement in the Georgia Department of Corrections.

Petitioner moved to strike these authenticated documents asserting that any authentication of the documents wherein the actual authentication by the clerk is dated subsequent to the filing of the Order on April 13, 1999, would be fraudulent and illegal under state and federal law. He states in his Motion, "[t]hat the only certification of the Public Record of the felony accusation that would be admissible under the Rule of the court would have been Dated April 13, 1999 when it was Filed by court clerk; not June 21, 2002; 3 years, 2 months and 8 days later."

No authority is cited for this proposal which, taken to its logical conclusion, would nullify all certifications post-dating the original entry of the Order. The documents are properly certified pursuant to Tennessee Rule of Evidence 902(3) and (4) and were properly considered by the Board.

In his nineteen page Petition for a Writ of Certiorari, Petitioner claimed that he was deprived of "delinquent time of 359 days that was taking (sic) illegally." No where in the Petition does Petitioner explain any basis for this request for relief, and the trial court properly denied it.

The action of the chancellor is in all respects affirmed, and costs of the appeal are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE