IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2005

## STATE OF TENNESSEE v. JOHN H. PARKER

**Direct Appeal from the Circuit Court for Madison County**
**No. C-03-371     Roy B. Morgan, Judge**

_____

### No. W2004-00911-CCA-R3-CO  - Filed April 13, 2005

_____

The petitioner filed a "Writ of Certiorari and/or Writ of Habeas Corpus and/or Motion for Post-Judgment Relief" in the trial court.  On appeal, the petitioner challenges the trial court's denial of both his petition for writ of habeas corpus and his application for writ of certiorari.  Following our review, we affirm the denial of both forms of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

George M. Googe, District Public Defender, and Stephen P. Spracher, Assistant Public Defender, for the appellant, John H. Parker.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Facts and Procedural History

On July 16, 1997, the petitioner, John H. Parker, entered a plea of guilty to theft over $60,000 (a Class B felony) in Madison County Circuit Court.  He was sentenced as a Range I, standard offender to twelve years, to be served on community corrections.  On September 11, 1997, the trial court ordered the petitioner from community corrections to probation.[1]  The petitioner's probation was revoked on March 18, 2003, for failure to report, and his original sentence of twelve years was reinstated.

_____

[1] The record reflects that the petitioner was transferred to probation because he resided outside the convicting judicial district.  Therefore, the court deemed it more cost-effective to transfer him to probation in his home district in Memphis, Tennessee.

On October 22, 2003, the petitioner filed a *pro se* petition for "Writ of Certiorari and/or Writ of Habeas Corpus and/or Motion for Post-Judgment Relief" contending that, because he was a first time offender, the court erred in sentencing him as a standard offender rather than as a mitigated offender. As such, he averred that his sentence of twelve years was outside the appropriate range and was, therefore, void. On November 5, 2003, the trial court issued an order denying the petition for writ of habeas corpus, citing the petitioner's failure to file in the appropriate court and failure to state a cognizable claim for habeas relief.

Two days later, the petitioner filed a "Motion for Court to Rule Upon Petitioner's Still Pending Application for Writ of Certiorari and His Motion for Post-Judgment Relief, . . . Contemporaneously Filed And Are Still Outstanding; . . . Which is Denying Him Due Process of Law." In that motion, the petitioner contended that the trial court had "partially ruled" by denying the petition for writ of habeas corpus, but had "remained silent" as to the remaining requests for writ of certiorari and for post-judgment relief. In response, the trial court appointed counsel and held a hearing on March 8, 2004.

At the hearing, the State contended that application for writ of certiorari was time-barred, as it was filed well beyond the applicable statute of limitations. Appointed counsel for the petitioner agreed and candidly stated: "I discussed this with [the petitioner]. You know, we can't get around the statute of limitations on this. It was just filed too late, and I know of nothing that tolls it, no mental problems, no comas, no – it's just too late."

The trial court explained that, in issuing its previous order, it intended to indicate "that the matters could not proceed further under either theory, but I didn't make it clear in that order. It was headed up just Order Denying Petition of Writ of Habeas Corpus, and I think that's where it got confusing with [the petitioner]." Following the hearing, the trial court issued an order denying the writ of certiorari as time-barred. Specifically, the court noted that the defendant pled guilty on July 16, 1997; therefore, the sixty-day limitation period had long expired at the date of the petitioner's filing on October 22, 2003. The petitioner now appeals to this Court, averring that the trial court erred in dismissing his petition for writ of habeas corpus and his application for writ of certiorari. Following our review, we affirm the denial of both forms of relief.

## Analysis

### I. Denial of Writ of Habeas Corpus

The petitioner first challenges the trial court's denial of habeas corpus relief. A habeas corpus petition may be used only to contest void judgments that are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant, or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). By contrast, a voidable conviction or sentence is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The burden of proving that the judgment or sentence is void, rather than voidable, rests with the petitioner.

Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears *in the record* of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002) (emphasis added).

Initially, we note that the petitioner failed to comply with the mandatory requirements governing habeas corpus petitions, as codified at Tennessee Code Annotated sections 29-21-105 and –107. First, the petitioner errantly filed his petition in Madison County rather than the forum that is most convenient to him, which is where he is incarcerated, in Lauderdale County. See Tenn. Code Ann. § 29-21-105 (2004). Moreover, the petitioner failed to state: (1) whether the legality of the restraint had already been adjudged upon a prior proceeding of the same character; (2) the person by whom and the place where restrained; and (3) whether this is his first application for the writ or, if it is not the first application, to attach a copy of previous petitions and their proceedings. Tenn. Code Ann. § 29-21-107 (2004).

It is well-settled that the procedural provisions of the habeas corpus statutes are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d at 165. Therefore, because the petitioner failed to comply with the aforementioned statutory requirements, we could affirm the trial court's denial of the instant petition on that basis alone. See Antonio L. Sweatt v. State, No. M1999-01300-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 216 (Tenn. Crim. App., at Nashville, Mar. 6, 2000) perm. to appeal denied (Tenn. 2000); Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 Tenn. Crim. App. LEXIS 620 (Tenn. Crim. App., at Knoxville, June 24, 1999) perm. to appeal denied (Tenn. 1999). However, notwithstanding the petitioner's failure to comply with the applicable statutory requirements, we will proceed to the merits of the petitioner's argument.

On appeal, the petitioner contends that his guilty plea was not knowing and voluntary because he was not informed of the possibility of being classified as an especially mitigated offender. The practical effect of this classification would have been a discretionary reduction in the minimum sentence from eight years to seven and two-tenths years. He contends that, if he had been made aware of these facts, he would have gone to trial and, if found guilty, would have been sentenced as an especially mitigated offender.

We first note that a claim of an involuntary guilty plea would render the conviction voidable, not void. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Therefore, it is not cognizable in a habeas corpus petition but is appropriately addressed in a petition for post-conviction relief. Id. Moreover, as the trial court found, the sentence issued was neither illegal nor void. The appropriate range of punishment for a Range I offender sentenced for a Class B felony is between eight and twelve years. In the instant matter, the petitioner pled guilty and was sentenced to twelve years. By his plea, the petitioner agreed to the range and length of the sentence. Therefore, although the sentence issued was the maximum within the range, it was legal, and the trial court had the authority to impose it.

## II.  Denial of Writ of Certiorari

Second and finally, the petitioner challenges the denial of his application for writ of certiorari.  The common law writ of certiorari is codified at Tennessee Code Annotated section 27-8-101 and states:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Moreover, writs of certiorari are bound by a sixty-day statute of limitations that is both mandatory and jurisdictional.  Tenn. Code Ann. § 27-9-102 (2004); Turner v. Tenn. Bd. of Paroles, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); Fairhaven Corp. v. Tenn. Health Facilities Comm'n, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976).

Generally, the writ of certiorari may not be utilized "to inquire into the correctness of a judgment issued by a court with jurisdiction."  Michael R. Moody v. State, No. E2003-01131-SC-R11-PC, 2005 Tenn. LEXIS 107, at * 4-5 (Tenn. Crim. App., at Knoxville, Feb. 22, 2005) (quoting State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002)).  However, the writ applies when the "trial court is without legal authority and where no other 'plain, speedy, or adequate remedy' is available." Id. at *5.

In the present case, the petitioner challenged the trial court's authority to issue the imposed sentence.  Following a hearing, the trial court determined that the petitioner's application for writ of certiorari was time-barred, as it was filed more than sixty days after the entry of the defendant's guilty plea.  On appeal, the petitioner argues that the writ of certiorari should be granted because, barring habeas corpus relief, there would be no other "plain, speedy, or adequate remedy" available by which to address his claim.

Initially, we note, as did the trial court, that the petitioner's application is well beyond the statute of limitations.  As such, the trial court had no jurisdiction over the matter and properly denied the writ.  Additionally, a writ of certiorari may only be granted when an *inferior tribunal* has exceeded its jurisdiction or acted illegally. Tenn. Code Ann. § 27-8-101 (2004).  However, in the present case, the petitioner did not make application to a superior court but applied to the Madison County Circuit Court to review a sentence that it had previously issued.  Therefore, because "a writ of certiorari may not be invoked to secure a court's review of its own judgments," the trial court properly denied the petitioner's application.  Barry Winfred Ritchie v. State, No. E2002-02609-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 708, at *18 (Tenn. Crim. App., at Knoxville, Aug. 18, 2003) perm. to appeal dismissed (Tenn. Nov. 12, 2003).

## Conclusion

For the foregoing reasons, the trial court's denials of both the petition for writ of habeas corpus and the application for writ of certiorari are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE