IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JANUARY 6, 2006

# SHANNON WILSON v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

### Direct Appeal from the Chancery Court for Lake County
### No. 5196     J. Steven Stafford, Chancellor

### No. W2005-00910-COA-R3-CV - Filed February 13, 2006

Following his convictions for two disciplinary infractions, the prisoner filed a pro se petition for a common law writ of certiorari in the chancery court. While he attempted to verify the petition by stating that it constituted his first application for such writ and that its contents were true and correct to the best of his knowledge, the prisoner failed to swear to the contents of the petition under oath by having the petition notarized. The Tennessee Department of Correction moved to dismiss the petition for its lack of a proper verification and for being filed beyond the applicable statute of limitations. The trial court granted the state's motion on both grounds. The prisoner filed a pro se appeal to this Court. We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Shannon Wilson, Henning, TN, *pro se*

Paul G.Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Michael B. Schwegler, Assistant Attorney General, Nashville, TN

# OPINION

## I.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 24, 2004, a disturbance between rival gangs erupted in the yard of the Northwest Correctional Complex located in Tiptonville, Tennessee. Shannon Wilson ("Wilson" or "Appellant") was an inmate at the prison on the date of the incident. After conducting an investigation, prison officials charged Wilson with the disciplinary offenses of "Participation in Security Threat Group Activities" and "Creating a Disturbance." At a disciplinary hearing held on August 23, 2004, the prison's disciplinary board apparently received confidential and non-confidential evidence of Wilson's involvement in the incident. At the conclusion of the hearing, the disciplinary board found Wilson guilty of both offenses. Wilson appealed his convictions to the warden of the prison who affirmed the decision of the disciplinary board. Thereafter, Wilson appealed the warden's decision to the Commissioner of the Tennessee Department of Correction. On November 1, 2004, the Commissioner affirmed the decisions of the warden and the disciplinary board.

On January 11, 2005, Wilson filed a pro se "Petition for Common Law Writ of Certiorari" against the Commissioner, the warden, and the prison's disciplinary board (collectively "TDOC" or "Appellees") in the Chancery Court of Lake County. Therein, Wilson sought review of his disciplinary convictions and alleged that the disciplinary board acted arbitrarily, capriciously, and illegally. Further, Wilson indicated that his petition was his first application for a writ of common law certiorari. The last page of the petition, entitled "Petitioner's Verification Under Oath Subject to Penalty of Perjury," indicated that Wilson signed the page on December 2, 2004 verifying the contents of the petition were true and correct to the best of his knowledge. Wilson failed, however, to have the petition notarized. In addition to his petition, Wilson submitted an "Inmate Trust Fund Certificate Balance" form indicating that he signed the form and had it notarized on December 2, 2004. Wilson also submitted an affidavit of indigency indicating that he signed it and had it notarized on December 14, 2004.

TDOC subsequently filed a motion pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure seeking to dismiss Wilson's petition. Therein, TDOC alleged that the trial court lacked subject matter jurisdiction over the case because Wilson failed to file his petition in a timely manner and failed to properly verify the petition. In response, Wilson filed a motion to strike TDOC's motion and a motion for summary judgment. In his motion to strike, Wilson alleged that he mailed his petition on December 2, 2004. On March 15, 2005, the chancery court entered an order granting TDOC's motion to dismiss, ruling as follows: (1) pursuant to Rule 5.06 of the Tennessee Rules of Civil Procedure, Wilson was required to establish the timeliness of his petition, which he failed to do, and (2) Wilson failed to verify his petition as required by section 27-8-106 of the Tennessee Code. In turn, Wilson timely filed a pro se appeal to this Court raising issues related to the actions of the disciplinary board and prison officials. We are, however, only faced with the following issue

on appeal: Whether the chancery court erred in dismissing the Appellant's petition. After reviewing the limited record, we affirm the chancery court's ruling in this case.

## II.
### STANDARD OF REVIEW

Instead of submitting the record of the proceedings before the prison disciplinary board to the chancery court for review, TDOC filed a motion to dismiss Wilson's petition for common law writ of certiorari. "Upon a motion to dismiss a petition for *certiorari*, the facts stated in the petition are taken to be true, except as to matters contradicted by the record." **R.J. Wilson v. Moss**, 54 Tenn. (7 Heisk.) 417, 419 (Tenn. 1872) (emphasis in original); *see also **Royal Clothing Co. v. Holloway***, 347 S.W.2d 491, 492 (Tenn. 1961); **Bowling v. Tenn. Bd. of Paroles**, No. M2001-00138-COA-R3-CV, 2002 Tenn. App. LEXIS 291, at *8–9 (Tenn. Ct. App. Apr. 30, 2002) (no perm. app. filed). When reviewing a motion to dismiss for lack of subject matter jurisdiction, we employ the following standard of review:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

**Northland Ins. Co. v. State**, 33 S.W.3d 727, 729 (Tenn. 2000).

## III.
### ANALYSIS

We are cognizant of the fact that Wilson initially filed his petition as a pro se litigant, and he also pursues the present appeal in the same manner. As such, we are mindful of the following:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters*

*Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, *the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App.1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

**Young v. Barrow**, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (emphasis added).

The Tennessee Constitution provides as follows:

The judges or justices of the Inferior Courts of Law and Equity, shall have the power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*.

TENN. CONST. art. 6, § 10 (emphasis added). In accordance with this constitutional provision, the legislature provides that "[t]he judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, *supported by oath or affirmation*." TENN. CODE ANN. § 27-8-104(a) (2000) (emphasis added). "The petition for certiorari may be *sworn to* before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." TENN. CODE ANN. § 27-8-106 (2000) (emphasis added). Wilson's petition states that it is his first application for a writ of certiorari. The last page of the petition entitled "Petitioner's Verification Under Oath Subject to Penalty of Perjury" states that the contents of the petition are true and correct, however, it is not notarized. On appeal, TDOC argues that the trial court acted correctly in dismissing the petition since the verification page is not notarized,

therefore, it does not comply with the Tennessee Constitution or sections 27-8-104 and 27-8-106 of the Tennessee Code.

A requirement that a petitioner swear to the contents of his petition under oath necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true. *See D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 462–63 (Tenn. Ct. App. 1990). Notarization and verification are distinct concepts. *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 Tenn. App. LEXIS 23, at *5 (Tenn. Ct. App. Jan. 20, 2005), *appeal denied*, 2005 Tenn. LEXIS 723 (Tenn. Aug. 22, 2005). "[A] verification establishes the truth of the document's contents," *D.T. McCall & Sons*, 796 S.W.2d at 463, "whereas notarization acknowledges the proper execution of a document," *Underwood*, 2005 Tenn. App. LEXIS 23, at *5. When discussing these unique concepts, the Tennessee Court of Criminal Appeals has noted the following:

> In Tennessee, acknowledged documents are ones which have been notarized by a notary public or acknowledged in the presence of an official. *See generally* Cohen, Tennessee Law on Evidence § 9.02[10] (4th ed. 2000). As defined in Black's Law Dictionary, "verify" means "to prove to be true; to confirm or establish the truth or truthfulness of." Black's Law Dictionary 1561 (6th ed. 1990). Black's further explains, as an example of verification, that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true." *Id.* There is no doubt that the essence of a verification is truthfulness of the document's contents. As Judge Koch explained in an opinion from the Court of Appeals, "an acknowledgment establishes the proper execution of the document while a verification establishes the truth of the document's contents." *D. T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990)(recognizing a distinction in Tennessee between an acknowledgment and a verification); *see also Varner v. Moore*, 1994 Tenn. App. LEXIS 685, No. 03 A01-9405-CV-00171, 1994 WL 666902, at *2 (Tenn. Ct. App. 1994)(discussing the difference between an acknowledged document and a verified document for purposes of self-authentication pursuant to Rule 902(8) of the Tennessee Rules of Evidence).

*Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 692, at *3–4 (Tenn. Crim. App. Sept. 4, 2001) (no perm. app. filed).

In order for a petition for a common law writ of certiorari to be valid, the petitioner must verify the contents of the petition *and* swear to the contents of the petition under oath, typically by utilizing a notary public. *See* TENN. CODE ANN. §§ 27-8-104(a), -106 (2000); *Underwood*, 2005 Tenn. App. LEXIS 23, at *7–8; *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV,

2002 Tenn. App. LEXIS 291, at *9 (Tenn. Ct. App. Apr. 30, 2002). As the Tennessee Court of Criminal Appeals noted, "merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contained frivolous, false, and even perjured allegations or statements of facts." *Montague*, 2001 Tenn. Crim. App. LEXIS 692, at *5. Subject matter jurisdiction "can only be conferred on a court by constitutional or legislative act." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)). The Tennessee Constitution and the statutes promulgated by the legislature require that a petition for a writ of common law certiorari be made under oath. *See* TENN. CONST. art. 6, § 10; TENN. CODE ANN. §§ 27-8-104(a), -106 (2000). While Wilson's petition contained his verification that its contents were true and correct to the best of his knowledge, he failed to have the petition notarized by a notary public.[1] Accordingly, the trial court did not err in dismissing his petition for a lack of subject matter jurisdiction. *Cf. Underwood*, 2005 Tenn. App. LEXIS 23, at 7–8 (holding that a trial court correctly dismissed a prisoner's petition for a writ of common law certiorari when the prisoner failed to verify his petition, therefore, the trial court lacked subject matter jurisdiction); *Bowling*, 2002 Tenn. App. LEXIS 291, at *9 (ruling that a prisoner's petition for a writ of common law certiorari was properly dismissed when the prisoner failed to verify the contents of his petition).

The trial court properly dismissed Wilson's petition for an additional reason. The procedural framework for reviewing a case pursuant to a common law writ of certiorari is found in Chapter 9, Title 27 of the Tennessee Code. *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). As a result, Wilson was required to file his petition for a writ of common law certiorari "within sixty (60) days from the entry of the order or judgment." TENN. CODE ANN. § 27-9-102 (2000). For purposes of ascertaining the date on which papers are filed with a court, the Tennessee Rules of Civl Procedure provide as follows:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . *Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.*

Tenn. R. Civ. P. 5.06 (2005) (emphasis added).

---

[1] We are mindful of the fact that, in addition to his petition, Wilson submitted an affidavit of indigency indicating that it was notarized on December 14, 2004. This document cannot, however, save the deficient petition. The notarization of the affidavit of indigency only indicates that Wilson swore to the facts alleged in that document. Moreover, the record establishes that Wilson signed the verification in his petition on December 2, 2004, and he stated in his motion to strike that he mailed the petition on that same day. Thus, he necessarily would be unable to rely on the notarization of his affidavit of indigency to show that he swore to the contents of his petition.

In his motion to strike, Wilson stated that he "put his Petition in the Mail on or about December 2nd, 2004." Giving Wilson the benefit of the latest possible date on which the statute of limitations began to run (i.e. the date the Commissioner denied his appeal, or November 1, 2004), Wilson has failed to carry his burden of proving that he filed his petition in a timely manner. While he did state in his motion to strike that he mailed the petition on December 2, 2004, the record itself proves otherwise. The affidavit of indigency, which accompanied his petition and was filed by the clerk of the chancery court on the same day as the petition, indicates that Wilson did not sign the document and have it notarized until December 14, 2004. Wilson offered no proof to explain this discrepancy. Thus, Wilson failed to prove that he complied with Rule 5.06 of the Tennessee Rules of Civil Procedure.

We are left with the fact that Wilson filed his petition for a writ of common law certiorari on January 11, 2005, which is beyond the sixty (60) day period allowed by the applicable statute. The sixty (60) day statute of limitations set forth in section 27-9-102 of the Tennessee Code is mandatory and jurisdictional, and the failure to file a petition within that period of time deprives the court of subject matter jurisdiction. *See Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003); *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). Accordingly, the trial court did not err in dismissing Wilson's petition for this reason as well.

## IV.
### CONCLUSION

While we give a significant amount of deference to pro se litigants, *Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003), we are not permitted to excuse such litigants from adhering to the procedural and substantive law applicable to all parties, *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). For the aforementioned reasons, we affirm the trial court's decision to dismiss the Appellant's petition. Costs of this Appeal are to be taxed to the Appellant, Shannon Wilson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE