IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 17, 2006

## HERMAN S. PHILLIPS
### v.
## TENNESSEE DEPARTMENT OF CORRECTION

**An Appeal from the Chancery Court for Lauderdale County**
**No. 12952      Martha B. Brasfield, Chancellor**

---

**No. W2005-02187-COA-R3-CV - Filed June 28, 2006**

---

This is a petition for a common law writ of certiorari arising out of prison disciplinary proceedings. The prison disciplinary board charged the petitioner with money laundering, a state offense. After a hearing, he was found guilty of the charge and sentenced to punitive and administrative segregation. He filed this petition for a common law writ of certiorari, challenging the board's disciplinary decision. The writ was granted, and the record of the disciplinary proceedings was sent to the trial court for review. Subsequently, the petitioner filed a motion for summary judgment. The respondent filed a notice that it did not intend to respond to the motion, because the record had already been sent to the trial court for review. The trial court dismissed the petition on the merits without first addressing the petitioner's motion for summary judgment. The petitioner now appeals, arguing that the trial court was required to decide his motion for summary judgment before addressing the merits of his petition. We affirm, concluding that, under the circumstances, the trial court was under no obligation to address the petitioner's motion for summary judgment prior to dismissing the action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Herman S. Phillips, Whiteville, TN, appellant, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Jennifer Brenner, Assistant Attorney General, Nashville, TN, for the appellee, Tennessee Department of Correction.

**OPINION**

Petitioner/Appellant Herman S. Phillips ("Petitioner") is an inmate in the custody of the Respondent/Appellee Tennessee Department of Correction ("TDOC"), who at all relevant times was housed at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On January 27, 2004, Petitioner was issued a disciplinary infraction report for money laundering, a violation of Tennessee state law. On January 29, 2004, he appeared before the WTSP disciplinary board and entered a plea of not guilty. After a hearing, he was convicted of the money laundering charge. As a result of the conviction, he was sentenced to punitive and administrative segregation and fined $5.00.

On March 26, 2004, Petitioner filed a Petition for Writ of Certiorari in the trial court below, claiming that his disciplinary hearing was conducted in an illegal and arbitrary manner. As the basis for his petition, he alleged that the board denied a request for documents in contravention of TDOC Policy No. 502.01, that he was not allowed to cross-examine certain witnesses, and that three witnesses were allowed to be in the hearing room together while they testified, "thereby ensuring that each witness knew what the other witness said and would testify in accordance thereto." He also argued that his conviction was based on insufficient evidence. On May 16, 2004, TDOC filed an answer to the petition.

On September 30, 2004, the trial court entered an order granting the petition for certiorari and ordered TDOC to file with the court the record of the disciplinary proceeding. Subsequently, TDOC filed a certified copy of the disciplinary record in accordance with the writ.

On October 29, 2004, Petitioner filed a motion for summary judgment. In his motion, Petitioner alleged that there were no genuine issues of fact, and he was entitled to a judgment as a matter of law, based on the certified record filed by the TDOC. Contemporaneously, Petitioner filed a memorandum of law and his own affidavit. The memorandum of law filed by Petitioner merely restated the allegations in his petition for certiorari. Petitioner's affidavit was a sworn statement attesting to the events alleged in the original petition. On November 18, 2004, TDOC filed a response to Petitioner's motion for summary judgment, notifying the trial court that, because the writ had been issued and the certified record had been filed, Petitioner's motion was moot and no further response would be filed.

On August 23, 2005, based on the certified copy of the disciplinary proceedings, the trial court entered an order dismissing Petitioner's petition on the merits. The order did not address Petitioner's motion for summary judgment. From this order, Petitioner now appeals, proceeding *pro se*.

The common law writ of certiorari is the proper vehicle through which a prisoner may seek review of the decisions of a prison disciplinary board. *See Rhoden v. TDOC*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). Granting the writ is not a decision on the merits. Rather, the purpose of the writ is to have the record of the administrative tribunal filed so that the reviewing court can

determine whether the petitioner is entitled to relief. ***Livingston v. State of Tenn. Bd. of Paroles***, No. M1999-01138-COA-R3-CV, 2001 WL 747643, at \*2 (Tenn. Ct. App. July 5, 2001). Once the record is filed with the reviewing court, the reviewing court examines the proceedings of the lower tribunal to determine whether that body exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. ***Waters v. TDOC***, No. M2002-00917-COA-R3-CV, 2003 WL 21713421, at \*4 (Tenn. Ct. App. July 24, 2003). "[T]he common law writ of certiorari is not available to test the intrinsic correctness of the law or facts of a particular case." ***Powell v. Parole Eligibility Review Bd.***, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994); ***Yokley v. State***, 632 S .W.2d 123, 126 (Tenn. Ct. App. 1981). "If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review." ***Powell***, 879 S.W.2d at 873.

In this appeal, Petitioner argues that the trial court erred in failing to address his motion for summary judgment prior to dismissing his petition. As noted above, the trial court's scope of review is limited to a review of the proceedings in the administrative tribunal to determine whether the administrative tribunal acted outside its jurisdiction or acted illegally, fraudulently, or capriciously. "Ordinarily, once the complete record has been filed, the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions and, if the court chooses, without a hearing. In doing so, the reviewing court may resolve any material factual disputes that may exist in the record." ***Jeffries v. TDOC***, 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002). After the writ was granted and the trial court received the record for review, Petitioner filed a motion for summary judgment. His motion for summary judgment restated the same arguments set out in his petition. TDOC filed a notice that, because the writ had been issued and the certified record had been filed, no further response would be forthcoming because the writ had been granted and the record had been submitted to the trial court for review. Subsequently, the trial court dismissed his petition, finding in favor of the TDOC on the merits. Petitioner cites no authority for the proposition that the trial court was under an obligation to dispose of his motion for summary judgment before dismissing the petition on the merits. The trial court reviewed the record before it and proceeded to determine whether Petitioner was entitled to relief. Essentially, the trial court's decision in favor of TDOC on the merits was an implicit denial of Petitioner's motion for summary judgment. Under these circumstances, we must reject Petitioner's argument.

Petitioner's second argument is related to the first, that the trial court should have granted summary judgment in his favor because TDOC did not file a substantive response to his motion for summary judgment as required under Tennessee Rule of Civil Procedure 56. Since the Petitioner's motion for summary judgment essentially restated the allegations in the original petition and the certified record of the administrative proceedings had been filed, TDOC's answer to the original petition addressed the issues raised in the motion for summary judgment, and no further response was required. Therefore, the trial court's decision shall not be reversed on this basis.

Petitioner does not argue on appeal that the trial court's dismissal of his petition was erroneous on the merits. Nevertheless, we note that, from our review of the record, it appears that the board's disciplinary decision was based on ample evidence, and that the board did not act illegally, fraudulently, or capriciously in making its decision. To the extent that Petitioner seeks to

attack the intrinsic correctness of the disciplinary board's decision, neither the appellate court nor the trial court is authorized to address whether the decision of the disciplinary board was correct. *See Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 81 (Tenn. Ct. App. 1999). Therefore, we affirm the trial court's decision to dismiss the petition on the merits.

We affirm the decision of the trial court. Costs on appeal are to be taxed to Appellant Herman S. Phillips, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE