IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 5, 2012

**JOSHUA HILLIARD v. TURNEY CENTER DISCIPLINARY BOARD, ET AL.**

**Appeal from the Chancery Court for Hickman County**
**No. 11CV4364      Timothy L. Easter, Judge**

---

**No. M2011-02213-COA-R3-CV - Filed November 19, 2012**

---

Inmate appeals the dismissal of his petition for writ of certiorari. The chancery court dismissed the petition for lack of subject matter jurisdiction based upon the expiration of the applicable statute of limitations and because inmate failed to show that the prison disciplinary board acted illegally, fraudulently, or arbitrarily. We affirm, finding the inmate failed to show that the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Joshua Hilliard, Wartburg, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; and Pamela S. Lorch, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

The appellant, Joshua Hilliard, is a Tennessee Department of Correction ("TDOC") inmate who was confined at the Turney Center Industrial Complex at the time of the incidents that underlie this case. On November 1, 2010, Mr. Hilliard was summoned to the prison's disciplinary board to defend himself against charges of participating in security threat group activities and assault which allegedly occurred on October 10, 2010. Mr. Hilliard pled not guilty to both charges, but the disciplinary board found him guilty of both

charges and sentenced him to punishment that included two $5.00 fines, 30 days punitive confinement,[1] and loss of 57 prison sentence reduction credit days.

Mr. Hilliard exhausted his administrative remedies by appealing to the Warden and to the TDOC Commissioner. The Warden reviewed Mr. Hilliard's appeal, disciplinary report, hearing summary, and all related documentation, and found "no justification which warrants a modification of the action taken by the disciplinary board." The Warden further concluded that "[p]unishment guidelines were not exceeded" and that "[n]o violations of disciplinary procedures were cited or ascertained" and accordingly affirmed the disciplinary board's decision on November 22, 2010. The TDOC Commissioner found no due process violations, concurred with the Warden's affirmation of the guilty finding against Mr. Hilliard, and denied Mr. Hilliard's final appeal on December 13, 2010.

On February 15, 2011, Mr. Hilliard filed a petition for common law writ of certiorari in the chancery court, seeking review of the prison disciplinary board's decision against him. After the appellees responded with a notice of no opposition, the chancery court granted the writ of certiorari, and the appellees filed the certified record of the disciplinary proceedings, pursuant to Tenn. Code Ann. § 27-9-109. After the certified record was filed, however, the appellees moved for dismissal on the ground that Mr. Hilliard did not file his petition within the applicable 60-day statute of limitations and thereby deprived the chancery court of subject matter jurisdiction. In response, Mr. Hilliard argued for denial of the motion to dismiss "because the petition was timely filed and put in the hands of prison officials . . . [p]ursuant to Tenn. R. Civil P. 5.06 . . . ." By order entered September 29, 2011, the chancery court found as follows:

> For the reasons stated in the [appellees'] Motion to Dismiss and accompanying Memorandum in Support, this Court finds the instant petition for writ of certiorari does not meet the constitutional and statutory requirements requiring that such writs be timely filed.
>
> Further, the Court has closely reviewed the certified copy of [Mr. Hilliard's] disciplinary record for incident #00867706, assault, and incident # 00867718, participating in security threat group activities, filed with this Court on May 27, 2011, and finds that [Mr. Hilliard] has failed to show that the board acted illegally, fraudulently, or arbitrarily. Thus, even if timely filed, the instant Petition should be dismissed on its merits.

---

[1] Ten of these days were punishment for participating in security threat group activities and twenty days were punishment for assault.

After a full review [of] all the pleadings that have been filed in this matter, the Court is satisfied that the Petition For Common Law Writ of Certiorari should be dismissed.

Mr. Hilliard appeals.

STANDARD OF REVIEW

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction involves a court's authority to adjudicate a particular controversy. *Jackson v. Tenn. Dep't. of Corr.*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Our Supreme Court has held that, "[s]ince a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co.*, 33 S.W.3d at 729.

B. Common Law Writ of Certiorari

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003) (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)). The scope of review is limited to "a determination of whether the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *Id.* (citing *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *South v. Tenn. Bd. of Paroles*, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996)). We do not review the correctness of the board's decision under the common law writ of certiorari. *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997).

At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). On appeal, we must uphold the board's decision if it is supported by any material evidence. *See Gordon v. Tenn. Bd. of Prob. & Parole*, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at *2 (Tenn. Ct. App. July 30, 2007).

-3-

DISCUSSION

We begin by noting our recognition that Mr. Hilliard proceeds pro se in this appeal as he did in the chancery court. While we afford pro se litigants a significant amount of leeway, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), we may not excuse them from adhering to the same procedural rules and substantive law applicable to all parties, *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

We now address the threshold issue of whether Mr. Hilliard timely filed his petition. Tennessee Code Annotated section 27-9-102 provides the time for filing a petition for writ of certiorari:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

This sixty-day statute of limitations "is mandatory and jurisdictional, and the failure to file a petition within that period of time deprives the court of subject matter jurisdiction." *Jackson*, 240 S.W.3d at 247 (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003)). In cases such as the one before us, the date that the TDOC Commissioner denies the prisoner's appeal is the latest possible date on which the statute of limitations begins to run. *See, e.g.*, *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *5 (Tenn. Ct. App. Feb. 13, 2006).

Here, the TDOC Commissioner entered the order denying Mr. Hilliard's appeal on December 13, 2010, so Mr. Hilliard's deadline to file his petition in the chancery court was February 11, 2011. While it is undisputed that Mr. Hilliard's petition was stamped "filed" on February 15, 2011, Mr. Hilliard argues that he timely filed the petition pursuant to Tenn. R. Civ. P. 5.06,[2] often referred to as the "prisoner mailbox rule." As evidence of his timely

---

[2] In determining when an action is timely filed, Tenn. R. Civ. P. 5.06 allows an incarcerated pro se litigant some leeway, and provides in pertinent part:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not

(continued...)

-4-

filing under this rule, Mr. Hilliard attached to the response to appellees' motion to dismiss a two-way message dated February 10, 2011. It reads as follows:

TWO WAY MESSAGE [Seal of the State of Tennessee]

To Hilliard #335427                    From Counselor
A/109

Subject: Legal Mail                    Date 2-10-11

I personally carried your legal mail to the post office at 8:00 AM this date. The postage was $1.90. I furnished the postage for the package from my indigent supply. Had you filled out a withdrawal form the legal mail would not have gone out today. This way you will not be late. I used 5 stamps. If you wish, when you can you may pay back the (5) stamps so I may help someone else in the future.

Date 2-10-11                           Signed P Edwards

The chancery court's September 29, 2011 final order of dismissal does not mention the two-way message that Mr. Hilliard referenced in and attached to his September 9, 2011 response to appellees' motion to dismiss. Based on our review of the record, Mr. Hilliard has successfully established compliance with the prisoner mailbox rule. The two-way message from counselor Edwards operates, in effect, as Mr. Hilliard's receipt that his "papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. Civ. P. 5.06. The message is written onto what appears to be an official form, and it is written entirely in counselor Edwards's handwriting. We reasonably infer that the "legal mail" referenced in the message was Mr. Hilliard's petition for writ of certiorari, and find that, in this case, the two-way message is relevant, reliable evidence of timely filing pursuant to Tenn. R. Civ. P. 5.06.

As to the merits of Mr. Hilliard's petition, based on our careful review of the record, we cannot find that the Turney Center disciplinary board exceeded its jurisdiction or acted

_____

[2](...continued)
received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.

illegally, fraudulently, or arbitrarily. On appeal, Mr. Hilliard argues that his due process rights were violated because the "Disciplinary Board chairperson failed to independently verify the reliability of confidential information and [because] a CR-3510 form was not completed nor presented to the court to show information reliability." The TDOC Uniform Disciplinary Procedures govern prison disciplinary hearings and provide in pertinent part:

> When the disciplinary hearing officer/chairperson determines that he/she should receive testimony from a confidential source whose identity cannot be disclosed due to either a fear of reprisal, or a breach of security information, or determines that he/she should receive evidence of a confidential/security sensitive nature, it shall be the responsibility of the disciplinary hearing officer to independently access and verify the reliability of the informant's testimony and/or the confidential security sensitive evidence.
> . . .
>
> Whenever confidential information or confidential security sensitive evidence is utilized by the disciplinary hearing officer/chairperson as a basis for its decision, the TDOC Contemporaneous Record of Confidential Informant Reliability, CR-3510, shall be completed to document the factual basis for the disciplinary hearing officer's/chairperson's finding that the informant and/or security sensitive evidence was reliable. . . . This form shall be considered confidential and kept as a non-public access record in an area designated by the Warden.

TDOC Policy 502.01(VI)(L)(4)(e) and (g). Though Mr. Hilliard alleges that a CR-3510 form was *not completed*, the record before us is silent on this issue, so we cannot consider it. *See* Tenn. R. App. P. 13(c). Furthermore, even if the Turney Center disciplinary board hearing officer/chairperson did complete a CR-3510 form, it would be confidential and properly excluded from the record in accordance with the TDOC Policy cited above.

We are left to determine whether the prison disciplinary board's decision against Mr. Hilliard is supported by any material evidence. The disciplinary report hearing summary, CR-1834, indicates that at the hearing Sergeant Turney testified that Mr. Hilliard was identified by the victim (inmate Green) and by a confidential informant as one of the inmates who "beat down" inmate Green. The disciplinary board hearing officer/chairperson was required to consider Sergeant Turney's testimony if it found it reliable. TDOC Policy 502.01(VI)(L)(4)(c)(2) ("The board/hearing officer shall consider all evidence which it finds to be reliable, whether or not such evidence would be admissible in a court of law."). We have thoroughly reviewed the record, and it shows that Mr. Hilliard received notice of the disciplinary charges against him, that he received a fair hearing at which he was given the

-6-

chance to be heard and present witness statements, and that material evidence supports the Turney Center disciplinary board's disposition of his case. Mr. Hilliard has failed to show that the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. We conclude that he was afforded the process he was due.

CONCLUSION

For the foregoing reasons, we affirm the chancery court's dismissal of Mr. Hilliard's petition on the merits. Costs of appeal are assessed against the appellant, Joshua Hilliard, and execution may issue if necessary.


_____
ANDY D. BENNETT, JUDGE