# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS MAY 4, 2006

## JAMES JACKSON v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

### Direct Appeal from the Chancery Court for Lauderdale County
#### No. 13,013    Martha B. Brasfield, Chancellor

---

### No. W2005-02239-COA-R3-CV - Filed May 31, 2006

---

A prisoner in the custody of the Tennessee Department of Correction filed a pro se petition for common law writ of certiorari in the trial court seeking to contest the prison disciplinary board's findings. The department filed a motion to dismiss for lack of subject matter jurisdiction, citing the petition's lack of notarization, its failure to state that it was the first application for the writ, and the prisoner's failure to file it within sixty (60) days of the administrative action. The trial court granted the department's motion to dismiss. The prisoner filed a motion for a new trial asserting that he complied with Tennessee Rule of Civil Procedure 5.06. The trial court denied the motion. The prisoner timely filed an appeal to this court. We affirm the dismissal of the petition.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

James Jackson, Tiptonville, TN, *pro se*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Michael B. Schwegler, Assistant Attorney General, Nashville, TN, for Appellee

# OPINION

## I.
### FACTUAL BACKGROUND & PROCEDURAL HISTORY

James Jackson ("Jackson" or "Appellant") currently is serving a prison sentence following his conviction for armed robbery. *See State v. Jackson*, 1989 Tenn. Crim. App. LEXIS 126, at *1 (Tenn. Crim. App. Feb. 22, 1989). In January of 2004, Jackson was incarcerated at West Tennessee State Penitentiary in Henning, Tennessee. On January 7, 2004, prison officials placed Jackson in administrative segregation pending an investigation of an alleged disciplinary offense. On January 14, 2004, Jackson, along with five other inmates, received a disciplinary report charging them with violating the Money Laundering Act of 1996. *See* TENN. CODE ANN. § 39-14-901 *et seq.* (2003). The prison disciplinary board convened a hearing on January 21, 2004, and the board subsequently found Jackson guilty of the offense charged. As a result, he was placed in administrative segregation. On January 30, 2004, Jackson appealed the board's decision to the warden of the prison. On February 11, 2004, the warden affirmed the board's decision and denied Jackson's appeal.

On May 26, 2004, Jackson filed a pro se Petition for Writ of Certiorari in the Chancery Court of Lauderdale County against the Tennessee Department of Correction ("TDOC" or "Appellee") seeking to challenge various aspects of the board's decision. On September 13, 2004, TDOC filed a motion, pursuant to Tennessee Rule of Civil Procedure 12.02(1), seeking to dismiss Jackson's petition (1) for lack of subject matter jurisdiction because it was filed more than sixty (60) days beyond the final disposition of his case by the administrative body, (2) the petition did not state that it was Jackson's first application for a writ of certiorari, and (3) the petition was not property executed because it was not notarized.

On September 30, 2004, the trial court entered an order dismissing Jackson's petition, holding:

> The Petition in this case is neither signed nor notarized. It was filed 103 days after his administrative appeal, and it did not state that it was the first application for the writ. Pursuant to the opinion in [*Bowling v. Tennessee Board of Paroles*, No. M2001-00138-COA-R3-CV, 2002 Tenn. App. LEXIS 291 (Tenn. Ct. App. Apr. 30, 2002)], this Court finds that this case should be dismissed because the petition fails to comply with the requirements of Tenn. Code Ann. § 27-8-106.

Jackson subsequently filed numerous motions with the trial court seeking, in essence, to set aside the order. Included in these motions was a motion to amend his petition and a motion for a new trial. On August 26, 2005, the trial court entered an order denying Jackson's motion for a new trial and to vacate the judgment.

Jackson timely filed a pro se notice of appeal to this Court presenting the following issues for our review:

1.      Whether the trial court erred when it dismissed Jackson's petition because it was not notarized;
2.      Whether the trial court erred when it dismissed the petition for its failure to state that it was the first application for a writ of certiorari; and
3.      Whether the trial court erred when it dismissed the petition for Jackson's failure to file the petition in a timely manner.

For the reasons set forth more fully herein, we affirm the trial court's decision to dismiss the Appellant's petition.

## II.
### DISCUSSION

When reviewing a motion to dismiss for lack of subject matter jurisdiction, we employ the following standard of review:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

The following statement can be found at the end of Jackson's petition: "I certify that the statements contained herein are true based upon my knowledge, belief and best information." Below this statement is Jackson's signature. On appeal, Jackson argues that the trial court erred in

dismissing his petition because it was not notarized.[1] Further, he asserts that the trial court erred in dismissing his petition because it did not state that it was his first application for the writ.

This Court recently addressed the very issue presented for review in this case. In *Wilson v. Tennessee Department of Correction*, No. W2005-00910-COA-R3-CV, 2006 Tenn. App. LEXIS 91, at *3 (Tenn. Ct. App. Feb. 13, 2006), the prisoner filed a pro se petition for common law writ of certiorari that contained a clause "verifying the contents of the petition were true and correct to the best of his knowledge." The prisoner did not, however, have the petition notarized. *Id.* In upholding the trial court's decision to dismiss the petition, we stated:

> The Tennessee Constitution provides as follows:
>
> > The judges or justices of the Inferior Courts of Law and Equity, shall have the power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.
>
> TENN. CONST. art. 6, § 10 (emphasis added). In accordance with this constitutional provision, the legislature provides that "the judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." TENN. CODE ANN. § 27-8-104(a) (2000) (emphasis added). "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." TENN. CODE ANN. § 27-8-106 (2000) (emphasis added). Wilson's petition states that it is his first application for a writ of certiorari. The last page of the petition entitled "Petitioner's Verification Under Oath Subject to Penalty of Perjury" states that the contents of the petition are true and correct, however, it is not notarized. On appeal, TDOC argues that the trial court acted correctly in dismissing the petition since the verification page is not notarized, therefore, it does not comply with the Tennessee Constitution or sections 27-8-104 and 27-8-106 of the Tennessee Code.
>
> > A requirement that a petitioner swear to the contents of his petition under oath necessarily connotes that the petitioner is first

---

[1] The trial court's order states that the petition was "neither signed nor notarized." The petition in the record before this Court, however, contains Jackson's signature.

administered an oath and then states in accordance with that oath that the contents of the petition are true. *See D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 462-63 (Tenn. Ct. App. 1990). Notarization and verification are distinct concepts. *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 Tenn. App. LEXIS 23, at *5 (Tenn. Ct. App. Jan. 20, 2005), *appeal denied*, 2005 Tenn. LEXIS 723 (Tenn. Aug. 22, 2005). "[A] verification establishes the truth of the document's contents," *D.T. McCall & Sons*, 796 S.W.2d at 463, "whereas notarization acknowledges the proper execution of a document," *Underwood*, 2005 Tenn. App. LEXIS 23, at *5. When discussing these unique concepts, the Tennessee Court of Criminal Appeals has noted the following:

> In Tennessee, acknowledged documents are ones which have been notarized by a notary public or acknowledged in the presence of an official. *See generally* Cohen, Tennessee Law on Evidence § 9.02[10] (4th ed. 2000). As defined in Black's Law Dictionary, "verify" means "to prove to be true; to confirm or establish the truth or truthfulness of." Black's Law Dictionary 1561 (6th ed. 1990). Black's further explains, as an example of verification, that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true." *Id.* There is no doubt that the essence of a verification is truthfulness of the document's contents. As Judge Koch explained in an opinion from the Court of Appeals, "an acknowledgment establishes the proper execution of the document while a verification establishes the truth of the document's contents." *D. T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990)(recognizing a distinction in Tennessee between an acknowledgment and a verification); *see also Varner v. Moore*, 1994 Tenn. App. LEXIS 685, No. 03 A01-9405-CV-00171, 1994 WL 666902, at *2 (Tenn. Ct. App. 1994)(discussing the difference between an acknowledged document and a verified document for purposes of self-authentication pursuant to Rule 902(8) of the Tennessee Rules of Evidence).

*Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 692, at *3-4 (Tenn. Crim. App. Sept. 4, 2001) (no perm. app. filed).

In order for a petition for a common law writ of certiorari to be valid, the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public. *See* TENN. CODE ANN. §§ 27-8-104(a), -106 (2000); *Underwood*, 2005 Tenn. App. LEXIS 23, at *7-8; *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 Tenn. App. LEXIS 291, at *9 (Tenn. Ct. App. Apr. 30, 2002). As the Tennessee Court of Criminal Appeals noted, "merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contained frivolous, false, and even perjured allegations or statements of facts." *Montague*, 2001 Tenn. Crim. App. LEXIS 692, at *5. Subject matter jurisdiction "can only be conferred on a court by constitutional or legislative act." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)). The Tennessee Constitution and the statutes promulgated by the legislature require that a petition for a writ of common law certiorari be made under oath. *See* TENN. CONST. art. 6, § 10; TENN. CODE ANN. §§ 27-8-104(a), -106 (2000). While Wilson's petition contained his verification that its contents were true and correct to the best of his knowledge, he failed to have the petition notarized by a notary public. Accordingly, the trial court did not err in dismissing his petition for a lack of subject matter jurisdiction. *Cf. Underwood*, 2005 Tenn. App. LEXIS 23, at *7-8 (holding that a trial court correctly dismissed a prisoner's petition for a writ of common law certiorari when the prisoner failed to verify his petition, therefore, the trial court lacked subject matter jurisdiction); *Bowling*, 2002 Tenn. App. LEXIS 291, at *9 (ruling that a prisoner's petition for a writ of common law certiorari was properly dismissed when the prisoner failed to verify the contents of his petition).

*Id.* at *8–13 (footnote omitted). Accordingly, we find that the trial court properly dismissed Jackson's petition for its lack of notarization.

We are mindful of the fact that the prisoner in *Wilson* did state in his petition that it was his first application for the writ. *Wilson*, 2006 Tenn. App. LEXIS 91, at *3. No such statement can be found in Jackson's petition. As this statement is required by statute to be in the petition, *see* TENN.

CODE ANN. § 27-8-106 (2000), we find that the trial court did not err when it dismissed the petition for this reason as well.

Jackson also argues that the trial court erred in dismissing his petition for being filed more than sixty (60) days beyond the administrative order. After reading Jackson's brief, it appears as though he is arguing on appeal that his petition was filed in a timely manner. He asserts that he mailed the petition before May 26, 2004, but the clerk of the trial court "returned the petition and accompanying documents to petitioner with instructions to return it with a 6 month certified trust fund statement of his account." Jackson asserts that, pursuant to Tennessee Rule of Civil Procedure 5.06, his petition is timely. These same arguments were made by Jackson in the motion for a new trial he presented to the trial court.

We addressed a similar issue in *Wilson* as well, stating:

> The procedural framework for reviewing a case pursuant to a common law writ of certiorari is found in Chapter 9, Title 27 of the Tennessee Code. *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). As a result, Wilson was required to file his petition for a writ of common law certiorari "within sixty (60) days from the entry of the order or judgment." TENN. CODE ANN. § 27-9-102 (2000). For purposes of ascertaining the date on which papers are filed with a court, the Tennessee Rules of Civil Procedure provide as follows:
>
>> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . *Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.*
>
> TENN. R. CIV. P. 5.06 (2005) (emphasis added).
>
> In his motion to strike, Wilson stated that he "put his Petition in the Mail on or about December 2nd, 2004." Giving Wilson the benefit of the latest possible date on which the statute of limitations began to run (i.e. the date the Commissioner denied his appeal, or November 1, 2004), Wilson has failed to carry his burden of proving

-7-

that he filed his petition in a timely manner. While he did state in his motion to strike that he mailed the petition on December 2, 2004, the record itself proves otherwise. The affidavit of indigency, which accompanied his petition and was filed by the clerk of the chancery court on the same day as the petition, indicates that Wilson did not sign the document and have it notarized until December 14, 2004. Wilson offered no proof to explain this discrepancy. Thus, Wilson failed to prove that he complied with Rule 5.06 of the Tennessee Rules of Civil Procedure.

We are left with the fact that Wilson filed his petition for a writ of common law certiorari on January 11, 2005, which is beyond the sixty (60) day period allowed by the applicable statute. The sixty (60) day statute of limitations set forth in section 27-9-102 of the Tennessee Code is mandatory and jurisdictional, and the failure to file a petition within that period of time deprives the court of subject matter jurisdiction. *See Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003); *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). Accordingly, the trial court did not err in dismissing Wilson's petition for this reason as well.

*Wilson*, 2006 Tenn. App. 91, at *14–16.

As we did in *Wilson*, we give Jackson the benefit of the latest possible date on which the statute of limitations began to run (i.e. the date the warden denied his appeal, or February 11, 2004). Our review of the record in this case reveals a lack of sufficient evidence presented by Jackson to demonstrate his compliance with Tennessee Rule of Civil Procedure 5.06. While Jackson argues that he mailed his petition earlier than May 26, 2004, he failed to set forth in his motion for a new trial or in his brief filed on appeal sufficient proof to show his compliance with Rule 5.06. Without such proof, it is clear that Jackson filed his petition well beyond the sixty (60) day limit provided for in section 27-9-102 of the Tennessee Code. Accordingly, we affirm the trial court's dismissal of his petition for this reason as well.

## III.
### CONCLUSION

While we afford pro se litigants a significant amount of deference, *Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003), they are not excused from adhering to the same procedural rules and substantive law applicable to all parties, *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).  Accordingly, we hold that the trial court did not commit error when it dismissed the Appellant's petition for a common law writ of certiorari.  Costs of this appeal are to be taxed to the Appellant, James Jackson, for which execution, if necessary, may issue.

_____
ALAN E. HIGHERS, JUDGE