# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs January 14, 2009

## CORTNEY DAVIS v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Lauderdale County
### No. 6235     Joseph H. Walker, III, Judge

---

### No.  W2008-01586-COA-R3-CV - Filed April 7, 2009

---

The Petitioner filed a Petition styled "Petition for Writ of Habeas Corpus" which the trial court treated as a petition for writ of certiorari.  We affirm the order of the trial court dismissing the petition, but on the basis that the petition was not supported by oath or affirmation nor does it state that it is the first application for a writ.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J, joined.

Cortney Davis, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General and Mark A. Hudson, Senior Counsel.

### MEMORANDUM OPINION[1]

Cortney Davis, an inmate in the custody of the Department of Correction, filed with the trial court a document titled "Petition for Writ of Habeas Corpus" pursuant to Tennessee Code Annotated section 29-21-101 wherein he sought to challenge his conviction for a disciplinary infraction involving possession of a weapon described as a shank.

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion  when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Within days after the filing of the petition, the trial court entered an order dismissing the petition *sua sponte*. The trial court treated the petition as a writ to review an agency decision. After reviewing the petition and the records attached thereto, the court ruled that Mr. Davis did not state a claim for relief and the record did not indicate that the administrative body acted outside its jurisdiction or acted arbitrarily, fraudulently, or illegally. The court found that the records revealed that the board reached its decision in a lawful manner. Mr. Davis filed a timely notice of appeal to this Court.

Habeas Corpus relief is available only when the judgment is void on its face or the prisoner's sentence has expired. *See Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The petition filed by Mr. Davis does not make these allegations. However, as noted, the trial court examined the gravamen of the petition and determined that it was actually a petition for writ of certiorari.

The reply brief notes, and we have so gleaned from the record, that the petition is not verified nor does it state that it is the first application for the writ. In order for a petition for a writ of certiorari to be valid, the petitioner must verify the contents of the petition and swear to the contents of the petition under oath. This is typically done by utilizing a notary public. *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 245 (Tenn. Ct. App. 2006).

Article VI, Section 10 of the Constitution of the State of Tennessee provides:

The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of *certiorari* to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.

Tennessee Code Annotated § 27-8-104 provides:

(a) The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation.

Tennessee Code Annotated § 27-8-106 provides:

The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ.

The petition filed by Mr. Davis is not supported by oath or affirmation nor does it state that it is the first application for the writ. Therefore, we affirm the order of the trial court dismissing the

petition, but on the basis that the petition was fatally flawed as heretofore set forth. Costs of this appeal are taxed to the Appellant, Cortney Davis, for which execution may issue.


_____

DAVID R. FARMER, JUDGE