IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JANUARY 14, 2009

ANTWONE J. TERRY v. TENNESSEE DEPARTMENT OF
CORRECTION, ET AL.

Direct Appeal from the Chancery Court for Lauderdale County
No. 13905      William C. Cole, Chancellor

_____

No. W2008-01907-COA-R3-CV - Filed April 28, 2009

_____

The appellant filed a petition for writ of certiorari in the chancery court, seeking review of prison disciplinary proceedings. The trial court dismissed the petition because it was not notarized or otherwise sworn, as required by statute. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Antwone J. Terry, Mountain City, TN, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Jennifer L. Brenner, Assistant Attorney General, Nashville, TN, for Appellee

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Petitioner/Appellant Antwone J. Terry is an inmate confined at the West Tennessee State Penitentiary in Henning, Tennessee. On October 30, 2007, the prison disciplinary board found Mr. Terry guilty of assault on another inmate and participating in a security threat group. Mr. Terry filed administrative appeals, but the conviction was affirmed. On January 31, 2008, Mr. Terry filed a petition for writ of certiorari in the Lauderdale County Chancery Court, alleging that the disciplinary action taken against him was not supported by sufficient evidence and was in violation of Tennessee Department of Correction policies. Mr. Terry's petition stated, "I hereby verify under penalty of perjury invoking Title 28. U.S.C. 1746 that I have read the petition and I do hereby verify that the facts and claims alleged herein are true and correct to the best of my knowledge and ability." However, the petition was not notarized.

On March 3, 2008, the respondents filed a motion to dismiss the petition because Mr. Terry failed to properly verify the petition as required by Tennessee Code Annotated sections 27-8-104 and -106. On March 14, 2008, the court received a letter from Mr. Terry's attorney along with a notarized copy of the original petition for writ of certiorari. This document bears Mr. Terry's original signature, dated January 21, 2008, with a notary stamp dated March 7, 2008.

On April 15, 2008, the trial court entered an order dismissing Mr. Terry's petition, finding that although the original petition was verified by Mr. Terry, it was not notarized or sworn under oath. The court noted that Mr. Terry's counsel "re-filed" the petition on March 14, 2008, with a notary stamp, but the court found that it lacked subject matter jurisdiction to accept the petition because the sixty-day time period for filing a petition for writ of certiorari had expired. Mr. Terry filed a subsequent motion to vacate the judgment, which was denied. Mr. Terry then timely filed a notice of appeal to this Court.

## II. ISSUE PRESENTED

On appeal, we are asked to determine whether the trial court properly dismissed Mr. Terry's petition. For the following reasons, we affirm the decision of the chancery court.

## III. STANDARD OF REVIEW

When reviewing a motion to dismiss for lack of subject matter jurisdiction, we employ the following standard of review:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule
> of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a
> court's lawful authority to adjudicate a controversy brought before it. See *Meighan*

*v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, see *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. See *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. See *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

## IV. DISCUSSION

Tennessee's Constitution provides:

The judges or justices of the Inferior Courts of Law and Equity, shall have the power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*.

Tenn. Const. art. 6, § 10 (emphasis added). In accordance with this provision, "the judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Tenn. Code Ann. § 27-8-104(a) (2000). "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ."[1] Tenn. Code Ann. § 27-8-106 (2000).

"In order for a petition for a common law writ of certiorari to be valid, the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public." *Jackson*, 240 S.W.3d at 245 (quoting *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *3-4 (Tenn. Ct. App. Feb. 13, 2006)). "Notarization and verification are distinct concepts." *Id.* at 244 (citing *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 WL 123501, at *2 (Tenn. Ct. App. Jan. 20, 2005)). Verification establishes the truth of the document's contents, while notarization acknowledges the proper execution of a document. *Id.* "[The] requirement that a petitioner swear to the contents of his petition under oath necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true." *Id.* "[M]erely swearing

---

[1] Although the parties do not raise the issue, Mr. Terry's petition stated, "To comply with T.C.A. § 27-8-106, this is *not* the first application for a writ of certiorari." (emphasis added).

-3-

to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath." *Id.* at 245 (quoting *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *2 (Tenn. Crim. App. Sept. 4, 2001)). In **Jackson**, for example, the petitioner stated in his petition, "I certify that the statements contained herein are true based upon my knowledge, belief and best information." *Id.* at 243. However, the petition was not notarized or otherwise sworn in accordance with Tennessee Code Annotated section 27-8-106. *Id.* at 246. This Court held that the petition was properly dismissed for lack of subject matter jurisdiction. *Id.*; *see also* **Cason v. Little**, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at *4 (Tenn. Ct. App. May 15, 2008) (affirming dismissal where the affidavit of indigency was notarized, but the petition was not); **Carter v. Little**, No. W2007-00189-COA-R3-CV, 2007 WL 2872390, at *4 (Tenn. Ct. App. Aug. 23, 2007) (same); **Wilson**, 2006 WL 325933, at *1 (affirming dismissal of a petition that was not notarized, although it stated the contents of the petition were true and correct to the best of the petitioner's knowledge).

Tennessee Code Annotated section 27-9-102 requires that a petition for writ of certiorari be filed within sixty days from the entry of the judgment appealed from. However, neither the trial court nor the appellate court acquires jurisdiction over a petition unless it is properly verified under Tennessee Code Annotated section 27-8-106. **Blair v. Tenn. Bd. of Prob. & Parole**, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007) (citing *Depew v. King's Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955); *Drainage Dist. No. 4 of Madison County v. Askew*, 196 S.W. 147, 148 (Tenn. 1917)). Failure to file a proper petition within the sixty-day time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter. *Id.* at 40. "A trial court has subject matter jurisdiction to extend the sixty-day time period of section 27-9-102 if the order granting the extension is entered within the sixty-day period." *Id.* at 41. However, once the sixty day period expires without a verified petition being filed, the trial court no longer has such jurisdiction. *Id.*; *see also* **Clark v. Tenn. Bd. of Prob. & Paroles**, No. M2006-01747-COA-R3-CV, 2008 WL 269511, at *2 (Tenn. Ct. App. Jan. 30, 2008).

It is undisputed that Mr. Terry's original petition was not "sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public," as required by Tennessee Code Annotated section 27-8-106. Mr. Terry's brief on appeal does not address the sixty-day time period or discuss his administrative appeals, but from our review of the documents in the record, it appears that the Commissioner denied his appeal on January 3, 2008. The trial court's order also states that "Petitioner exhausted his administrative appeal on January 3, 2008." The date of Mr. Terry's attorney's letter asking the trial court to accept Mr. Terry's "re-filed" petition is March 13, 2008. **(p.78).** The letter was received by the court on March 14, 2008. Because Mr. Terry failed to file a petition for writ of certiorari that complied with Tennessee Code Annotated sections 27-8-104 and -106 within sixty days, and the trial court did not extend the deadline for filing the petition within the sixty days, the petition was properly dismissed.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, Antwone J. Terry, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.