# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs January 31, 2011

## ANDREW J. BRADEN, III v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

### Direct Appeal from the Chancery Court for Hickman County
### No. 09-298C      Jeffrey S. Bivins, Chancellor

---

### No. M2010-01645-COA-R3-CV - Filed April 25, 2011

---

This is a prisoner appeal from a disciplinary conviction. Because the prisoner did not file his petition for common law writ of certiorari within sixty days of the denial of his disciplinary appeal or demonstrate a timely filing of the petition pursuant to Rule 5.06 of the Tennessee Rules of Civil Procedure, we do not have subject matter jurisdiction to consider the issues presented. This appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Andrew J. Braden, III, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and David S. Sadlow, Assistant Attorney General, for the appellees, Tennessee Department of Correction, Commissioner Derrick D. Schofield[1], Lester Qualls, Sergeant Mark Turney, Warden James Fortner, Sergeant Nicky Jordan, Stacy Bell and Ronnie Williams.

### MEMORANDUM OPINION[2]

---

[1]In accordance with Rule 19(c) of the Tennessee Rules of Appellate Procedure, Derrick D. Schofield, the current Commissioner of the Department of Correction, has been substituted for his predecessors, George Little and Gayle Ray.

[2]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

(continued...)

The petitioner/appellant, Andrew J. Braden, III ("Prisoner"), is a prisoner at the Turney Center Industrial Complex in Only, Tennessee. On August 31, 2009, Prisoner pled guilty to disciplinary charges arising out of a conspiracy to commit theft from the prison commissary, writing the terms "under duress" beneath his signature on the "Agreement to Plea Guilty and Waiver of Disciplinary Hearing and Due Process Rights." On September 29, 2009, the prison warden affirmed the conviction of Prisoner. On October 29, 2009, the Commissioner of the Tennessee Department of Correction ("Commissioner") returned Prisoner's disciplinary appeal unanswered "with no further action required" finding that the entry of a guilty plea under the circumstances constituted waiver of Prisoner's right to appeal his conviction. On December 30, 2009, Prisoner's petition for common law writ of certiorari was filed with the Chancery Court of Hickman County.

The respondents/appellees, the Department of Correction, Commissioner Derrick Schofield, Lester Qualls, Sergeant Mark Turney, Warden James Fortner, Sergeant Nicky Jordan, Stacy Bell, and Ronnie Williams ("Respondents"), responded with a notice of no opposition to the granting of the writ of certiorari. After the certified record was filed, however, Respondents moved for judgment on the record arguing in pertinent part that Prisoner did not timely file his petition for writ of certiorari, thereby depriving the chancery court of jurisdiction over the issues presented. The chancery court agreed and dismissed Prisoner's case. Prisoner timely appealed, presenting several issues concerning the validity of his guilty plea and the actions of Respondents leading up to the entry of his plea. Prisoner, however, did not address whether the chancery court properly concluded his petition was time barred.

The dispositive issue before this Court is whether we have subject matter jurisdiction to entertain Prisoner's appeal. "The proper vehicle for challenging a disciplinary action is a petition for a common law writ of certiorari, and the petition must be filed within sixty days of the challenged action." *Rhoden v. State Dep't of Correction*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998) (citing Tenn. Code Ann. § 27-9-102; *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Cr. App. 1994)).[3] "Failure to file within the statutory time limit deprives the court of subject matter jurisdiction." *Gore*

---

[2](...continued)
would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3]Tennessee Code Annotated section 27-9-102 provides:

Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102 (2000).

*v. Tenn. Dep't of Correction*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003) (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4 (Tenn. Ct. App. 1984)). This Court often gives a prisoner the benefit of the latest possible date on which the time for filing begins to run when determining the timeliness of a petition for writ of certiorari. *E.g.*, *Jackson v. Tenn. Dep't of Correction*, 240 S.W.3d 241, 247 (Tenn. Ct. App. 2006); *Wilson v. Tenn. Dep't of Correction*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *5 (Tenn. Ct. App. Feb. 13, 2006), *pet. to rehear denied* (Tenn. Ct. App. Mar. 9, 2006). Additionally, *pro se* prisoners may comply with the filing deadline merely by demonstrating that the petition was "delivered to the appropriate individual at the correctional facility within the time fixed for filing," even if the clerk of the court receives the petition after the time fixed for filing. Tenn. R. Civ. P. 5.06. The burden to demonstrate compliance with Rule 5.06 of the Tennessee Rules of Civil Procedure nonetheless rests with the petitioner if timeliness of the filing becomes an issue. *Id.*; *accord Jackson*, 240 S.W.3d at 247.

The latest possible date upon which the time for filing Prisoner's petition for writ of common law certiorari began was October 29, 2009. Prisoner's petition was filed with the clerk of the chancery court on December 30, 2009, sixty-two days after the denial of his disciplinary appeal. Prisoner thus did not timely file his petition with the clerk of the chancery court. The record demonstrates, however, that Prisoner signed his petition on December 28, 2009, the final day of the timely filing period. This leaves open the possibility that Prisoner complied with the filing deadline of Tennessee Code Annotated 27-9-102 if he also delivered the petition to the appropriate individual at the Turney Center Industrial Complex on December 28. But the record is silent on this issue and Prisoner does not argue that he complied with the timely filing period. Petitioner therefore has not borne his burden to demonstrate compliance with the sixty-day filing period under Rule 5.06. We dismiss this appeal for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, this appeal is dismissed. Costs of this appeal are taxed to the appellant, Andrew J. Braden, III, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE