IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, July 1, 2011

## MITCHELL EADS, TDOC #243729, v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Morgan County**
**No. 1034      Hon. Frank V. Williams, III., Chancellor**

---

**No. E2010-02246-COA-R3-CV-FILED-AUGUST 31, 2011**

---

Petitioner filed a Common Law Writ of Certiorari, alleging he was convicted of a disciplinary infraction while incarcerated, and that the conviction was illegal, arbitrary and fraudulent. Respondents filed a Motion to Dismiss on the grounds that the Petition contained no oath or affirmation and did not state it was the first application for a writ pursuant to Tenn. Code Ann. §27-8-104(a) and 106. Further that petitioner failed to file a certified copy of his inmate trust account statement pursuant to Tenn. Code Ann. §41-21-807(a). The Trial Court entered an Order of Dismissal for the deficiencies set forth in the Motion to Dismiss. Petitioner has appealed and we affirm the Trial Court's Order of Dismissal on the grounds set forth in that Order.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Mitchell Eads, Wartburg, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General, and Lee Pope, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, et al.

**OPINION**

Petitioner, Mitchell Eads, a *pro se* appellant, filed a Petition for Common Law Writ of Certiorari in the Morgan County Chancery Court, against TDOC and various jail officials. He alleged that he was convicted of a disciplinary infraction, and that the conviction was illegal, arbitrary, and fraudulent. He alleged that the Board relied solely upon information given by confidential informants, but that the reporting officer did not keep records regarding the informants' reliability or credibility, and that he was not allowed to confront his accusers.

The Petition is signed by Eads and notarized, but is not verified as required by statute, nor does it state that it is the first application for the writ. *See* Tenn. Code Ann. §27-8-104(a) and 106.

Eads later filed an Amended Petition, which also alleged that he was denied the ability to call witnesses on his behalf at the hearing before the Board, but the Amended Petition is likewise deficient in the same manner as the original Petition. Defendants filed a Motion to Dismiss, asserting the petition should be dismissed because it contained no oath or affirmation, and also because it did not state that it was the first application for the writ, pursuant to Tenn. Code Ann. §27-8-104(a) and 106. Defendants further stated that the Petition should be dismissed because Eads failed to file a certified copy of his inmate trust account statement pursuant to Tenn. Code Ann. §41-21-807(a).

The Trial Court entered an Order of Dismissal, dismissing the petition because of the above-listed deficiencies, and petitioner has appealed.

The issue raised by petitioner is whether the Trial Court erred in dismissing his petition.

This precise issue, of whether the Trial Court can dismiss a Petition for Writ of Certiorari for failing to comply with the statutory requirements, has been addressed in numerous cases. Tenn. Code Ann. §27-8-104(a) requires that a petition must be "supported by oath or affirmation", and Tenn. Code Ann. §27-8-106 provides that the petition "may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ."

We have repeatedly and consistently held that the requirements of these statutes are mandatory, and that a failure to comply with same will deprive the trial court of subject matter jurisdiction. *Jackson v. TDOC*, 240 S.W.3d 241 (Tenn. Ct. App. 2006); *Richardson v. Dept. of Correction*, 2011 WL 345817 (Tenn. Ct. App. Jan. 31, 2011); *Stewart v. Tenn. Bd.*

*of Probation and Parole*, 2008 WL 2743606 (Tenn. Ct. App. July 11, 2008); *Patterson v. Wayne Co. Boot Camp*, 2007 WL 3443149 (Tenn. Ct. App. Nov. 15, 2007); *Bowling v. Tennessee Bd. of Paroles*, 2002 WL 772695 (Tenn. Ct. App. Apr. 30, 2002).

In cases, where the petitioner failed to support the petition by oath or affirmation and failed to state that it was the first application for the writ, we affirmed the trial court's dismissal of the petition. *Id.* Moreover, it has repeatedly been noted that *pro se* litigants are not excused from "complying with the same applicable substantive and procedural law that represented parties must comply with". *See Patterson* and *Bowling*.

In this case, Eads did sign the petition before a notary, but failed to verify the contents of the petition by oath or affirmation, and he also failed to state that it was his first application for the writ. The Trial Court properly dismissed his petition pursuant to the above cases.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Mitchell Eads.

_____
HERSCHEL PICKENS FRANKS, P.J.