# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 1, 2025

## ANTWAIN SALES v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Morgan County**
No. 23-29    Tom McFarland, Chancellor

---

**No. E2025-00319-COA-R3-CV**

---

Petitioner, an inmate incarcerated by the Tennessee Department of Correction, filed a petition for common law writ of certiorari seeking judicial review of disciplinary proceedings held at Morgan County Correctional Complex. Because the petition was not notarized and because a notarized petition was not filed within sixty days of the denial of his administrative appeal of that decision, the trial court determined that it did not have subject matter jurisdiction. For these reasons, the trial court dismissed the petition. The petitioner appeals. Finding no error with the trial court's decision, we affirm.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Antwain Sales, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, and Adam Tune, Assistant Attorney General, for the appellees, the Tennessee Department of Correction, et al.

## OPINION

On June 5, 2023, Antwain Sales ("Petitioner"), an inmate incarcerated by the Tennessee Department of Correction ("TDOC") at Morgan County Correctional Complex ("MCCC"), filed a petition for common law writ of certiorari seeking judicial review of disciplinary proceedings held at MCCC. The petition challenges the adverse decision of the Disciplinary Board as well as the denial of his appeal of that decision to the Commissioner, which appeal was denied on May 5, 2023. The petition was verified by Petitioner's signature, and he affirmed that it was "true and correct" to the best of his

knowledge and belief; however, the petition was not notarized. Further, the petitioner did not file a notarized petition within sixty days of the denial of his administrative appeal.

TDOC responded to the petition by filing a motion pursuant to Tennessee Rule of Civil Procedure 12.02(1) seeking dismissal of the petition for lack of subject matter jurisdiction. In pertinent part, TDOC's Rule 12 motion stated:

> Petitioner filed a Petition for Common Law Writ of Certiorari seeking judicial review of disciplinary proceedings. Although the Petitioner declares that the Petition is "true and correct to the best of [his] knowledge," (Petition at 1), this declaration is not made under oath. By failing to sign the petition under oath, Petitioner has failed to comply with the mandatory notarization and verification requirements found in Article VI, Section 10, of the Tennessee Constitution and Tenn. Code Ann. § 27-8-104(a). Thus, the Petition is subject to dismissal for lack of subject matter jurisdiction under Tenn. R. Civ. P. 12.02(1),

Additionally, TDOC asserted in its motion:

> [I]t is too late for Petitioner to seek leave to amend his petition to include the proper signatures. Tennessee Code Annotated Section 27-9-102 requires that Petitioner file a verified petition within sixty days from entry of the order or judgment complained of, which would have been May 5, 2023, the date his final administrative appeal was denied.

For these reasons, TDOC contended that Petitioner's failure to file a verified petition by July 4, 2023, deprived the trial court of subject matter jurisdiction and warrants dismissal, citing *Cason v. Tittle*, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at *4 (Tenn. Ct. App, May 15, 2008).

On May 2, 2024, Petitioner filed a pro se response in opposition to the motion to dismiss, which Petitioner titled "Motion for Summary Judgment," in which he set forth numerous facts and legal arguments contending, inter alia, that the motion to dismiss was untimely and that he was entitled to summary judgment in his favor.[1]

---

[1] As a pro se litigant, Petitioner is "entitled to fair and equal treatment by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)). And courts should recognize that most pro se litigants have no legal training or familiarity with the judicial system; nevertheless, "the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young*, 130 S.W.3d at 62–63 (citations omitted).

The hearing on the motion was conducted on January 28, 2025, at which time the court heard arguments from counsel for TDOC and from Petitioner, via Zoom, as he was incarcerated. Following the hearing the court took the matter under advisement.

On September 30, 2004, the trial court entered an order dismissing the petition. After noting that the Tennessee Constitution mandates that a writ of certiorari be supported by an oath or affirmation, Tenn. Const. art. VI, § 10; Tenn. Code Ann. § 27-8-104(a), the court held in pertinent part:

> Petitioner verified his Petition with a signature and affirmed that it was "true and correct" to the best of his knowledge and belief. (Petitioner's Petition for Writ of Certiorari, filed June 5, 2023, at 10.) But the affirmation is not notarized. (*Id*.) In his oral argument, Petitioner claims that the Tennessee constitution allows for him to affirm his Petition with an affirmation instead of swearing to his petition with an oath. However, the law is clear that a Petition for Writ of Certiorari that his not notarized fails to meet the threshold statutory requirements to vest this court with subject matter jurisdiction. Tenn. Code Ann. § 27-8-104(a) and § 27-8-106.
>
> This Court also finds that Petitioner has not filed a properly verified petition within sixty (60) days of the order denying his appeal pursuant to Tenn. Code Ann. § 27-9-102. Tennessee Code Annotated § 27-9-102 requires that Petitioner file his properly verified petition within sixty days from entry of the administrative body's order or decision. The purpose of the sixty-day provision is jurisdictional and the "[f]ailure to file a writ within this period precludes review of such decisions by the courts." *Johnson v. Metropolitan Gov't for Nashville Davidson County*, 54 S.W.3d 722, 724 (Tenn. Ct. App. 2001). A trial court has subject matter to extend the sixty-day time period of § 27-9-102, but only "if the order granting the extension is entered within the sixty-day period." *Blair v. Tennessee Bd. Of Probation and Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007).
>
> Petitioner's Appeal to the Commissioner was denied on May 5, 2023, and the time to file a petition that includes a notarized signature (July 4, 2023) has now passed. Petitioner did not file a properly verified petition within sixty (60) days of the order denying his appeal, nor did he file any motions requesting an extension of time to tile such a Petition. Therefore, this court does not have subject matter jurisdiction to adjudicate this matter.

For these reasons, the trial court granted TDOC's Rule 12 motion and ordered that Petitioner's Petition for Writ of Certiorari be dismissed.

This appeal followed.

ANALYSIS

When reviewing a motion to dismiss for lack of subject matter jurisdiction, we employ the following standard of review:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

*Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)) (citation modified).

The Tennessee Constitution mandates that a writ of certiorari be supported by an oath or affirmation. Tenn. Const. Art. VI, § 10. The "oath or affirmation" in a petition for certiorari "may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106. The issue on appeal hinges upon whether the trial court had subject matter jurisdiction to entertain a petition for a writ of certiorari that was not executed in compliance with these requirements.

This very issue has been decided by this court in several cases involving almost identical facts. *See Richardson v. Dep't of Corr.*, No. M2010-01217-COA-R3-CV, 2011 WL 345817 (Tenn. Ct. App. Jan. 31, 2011); *Richmond v. Tenn. Dep't of Corr.*, No. M2009-01276-COA-R3-CV, 2010 WL 1730144 (Tenn. Ct. App. Apr. 29, 2010); *Stewart v. Tenn. Bd. of Prob. and Parole*, No. M2007-01425-COA-R3-CV, 2008 WL 2743606 (Tenn. Ct. App. July 11, 2008); *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241 (Tenn. Ct. App. 2006); *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933 (Tenn. Ct. App. Feb.13, 2006). As we explained in *Richardson*:

> In *Richmond,* the petitioner inmate was convicted of a disciplinary offense by the Department of Correction disciplinary board. The inmate filed a petition in the trial court, challenging the legality of the board's decision;

however, as here, the petition was not sworn. The Department of Correction promptly filed a motion to dismiss for failure to comply with the statutory verification requirement. After the sixty day limitations period had lapsed, the petitioner filed a motion to amend the petition to satisfy the verification requirement. The trial court found that it did not have subject matter jurisdiction to adjudicate the motion to amend and dismissed the petition. The petitioner appealed and this court affirmed upon the dismissal of Mr. Richmond's petition for lack of subject matter jurisdiction. *Richmond,* 2010 WL 1730144, at * 4.

In *Stewart v. Tennessee Bd. of Prob. and Parole,* this court held that an unverified petition for writ of certiorari was a fatal deficiency. 2008 WL 2743606, at *3–4. The *Stewart* decision was based in principal part on rulings in *Jackson v. Tennessee Dep't of Corr.,* 240 S.W.3d 241 and *Wilson v. Tennessee Dep't of Corr.,* 2006 WL 325933.

In *Jackson,* when a prisoner in the custody of the Department of Correction filed a petition for common law writ of certiorari seeking to contest the disciplinary board's findings, the Department filed a motion to dismiss for lack of subject matter jurisdiction, citing "the petition's lack of notarization, its failure to state that it was the first application for the writ, and the prisoner's failure to file it within sixty (60) days of the administrative action." *Jackson,* 240 S.W.3d at 242. The trial court dismissed the petition for the reasons asserted by the Department, and we affirmed the dismissal. *Id.*

In *Wilson,* we stated that "merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath." 2006 WL 325933, at *4 (citations omitted). We concluded that, "[i]n order for a petition for a common law writ of certiorari to be valid, the petitioner must verify the contents of the petition *and* swear to the contents of the petition under oath, typically by utilizing a notary public." *Id.* (citations omitted).

As *Richmond, Stewart, Jackson,* and *Wilson* all confirm, a petition must contain both a verification and a notarization—if it does not, the trial court lacks subject matter jurisdiction to entertain the petition. *Richmond,* 2010 WL 1730144, at *4; *Stewart,* 2008 WL 2743606, at *3; *Jackson,* 240 S.W.3d at 242; *Wilson,* 2006 WL 325933, at *4.

*Richardson v. Dep't of Corr.*, 2011 WL 345817 at *1–2.

For the foregoing reasons, this court found that Mr. Richardson's petition was fatally deficient and affirmed the dismissal of his appeal for lack of subject matter

jurisdiction. For the same reasons, we affirm the decision of the trial court to dismiss Petitioner's petition for lack of subject matter jurisdiction.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Antwain Sales.

_____
FRANK G. CLEMENT JR., P.J., M.S.