IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2026

## EDDRICK BOOKER v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 25-584-IV          Russell T. Perkins, Judge**

_____

### No. M2025-01353-COA-R3-CV

_____

This appeal arises from the dismissal of a defective petition for writ of certiorari for lack of subject matter jurisdiction. The trial court granted the Appellee's motion to dismiss after Appellant failed to verify and notarize the petition under the requirements set forth in Tennessee Code Annotated section 27-8-106. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which ANDY BENNETT, and KRISTI M. DAVIS, J.J. joined.

Eddrick Booker, Clifton, Tennessee, pro se appellant.

Phyllis K. Creecy, Nashville, Tennessee, for the appellee, Tennessee Board of Parole

### MEMORANDUM OPINION[1]

### I.     BACKGROUND AND PROCEDURAL HISTORY

The underlying facts in this matter are brief and largely undisputed. Eddrick Booker ("Appellant"), an inmate at South Central Correctional Facility, appeared *pro se* before the Tennessee Board of Parole ("Appellee") on February 10, 2025, for a parole hearing.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellee denied the parole request. Appellant timely appealed the decision, arguing misconduct by a hearing official, but Appellee denied the appeal on the grounds that Appellant's claims were not substantiated.

Appellant then filed a *pro se* petition for writ of certiorari in the Davidson County Chancery Court ("trial court") on April 21, 2025 (the "Petition"). The Petition stated "after firstly being duly sworn" but the Petition was not notarized as required by statute. Appellee filed a motion to dismiss on the grounds of subject matter jurisdiction because Appellant failed to notarize the document in accordance with Tennessee Code Annotated section 27-8-106. The trial court granted the motion and entered its final judgment on August 22, 2025. Appellant filed a Notice of Appeal with this Court on September 2, 2025.

## II.    ISSUE PRESENTED

There is only one issue presented for review: whether an unverified and unnotarized petition for writ of certiorari satisfies the constitutional and statutory requirements of article VI, section 10 of the Tennessee Constitution and Tennessee Code Annotated section 27-8-104(a).

## III.    STANDARD OF REVIEW

We review the trial court's grant of a motion to dismiss *de novo*, with no presumption of correctness. *Rose v. Tenn. Claims Comm'n*, 676 S.W.3d 647, 649 (Tenn. Ct. App. 2023). As part of our review, we only examine "the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Woodruff by and through Cockrell v. Walker*, 542 S.W.3d 486, 493 (Tenn. Ct. App. 2017). A dismissal for lack of subject matter jurisdiction involves reviewing "a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Subject matter jurisdiction can only be conferred by constitutional or legislative act. *Id*. Therefore, a dismissal for subject matter jurisdiction is reviewed to determine whether the trial court properly found no legal authority conferring jurisdiction. *See id*.

## IV.    DISCUSSION

Article VI, section 10 of the Tennessee Constitution provides that:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.

Tenn. Const. art. VI, § 10. The legislature codified this provision at title 27, chapter 8, section 104(a). Tenn. Code Ann. § 27-8-104(a) ("The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation."). The legislature further defined the procedure to satisfy the oath or affirmation requirement at section 106 stating, "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." These confer jurisdiction to hear a petition for writ of certiorari; substantively in article VI, section 10 and Tennessee Code Annotated section 27-8-104 and procedurally at section 106. When a petitioner fails to adhere to the procedural requirements, a court does not have jurisdiction over the matter. *Talley v. Bd. of Pro. Resp.*, 358 S.W.3d 185, 192 (Tenn. 2011).

Appellant argues that including "after firstly being duly sworn" in the Petition is sufficient to meet the procedural requirements to grant the court the authority to hear his petition. Appellant suggests that the phrase "may be sworn" in section 106 indicates that the statute's language is permissive rather than mandatory. We disagree.

In *Jackson v. Tenn. Dep't of Correction*, 240 S.W.3d 241 (Tenn. Ct. App. 2006), this Court addressed a similar issue. The appellant in that case argued that the statement in his petition, "I certify that the statements contained herein are true based upon my knowledge, belief and best information," satisfied the oath and affirmation requirement of section 106. *Jackson*, 240 S.W.3d at 243. However, this Court determined that:

> In order for a petition for common law writ of certiorari to be valid, the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public . . . While [the defendant's] petition contained his verification that its contents were true and correct to the best of his knowledge, he failed to have the petition notarized by a notary public. Accordingly, the trial court did not err in dismissing his petition for a lack of subject matter jurisdiction.

*Id.* at 245 (quoting *Wilson v. Tenn. Dep't of Correction*, W2005-00910-COA-R3-CV, 2006 WL 325933, at *3-5 (Tenn. Ct. App. Feb. 13, 2006)). It is mandatory that a petitioner use either "the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public" to satisfy the constitutional requirement. Tenn. Code Ann. § 27-8-106. Because Appellant failed to exercise any of the options provided in section 106, the trial court was not vested with subject matter jurisdiction to hear the Petition.

Appellant further argues that his attempt to satisfy the oath and affirmation requirement should be sufficient because his incarcerated status does not allow him consistent access to a notary. We recognize Appellant may experience limitations as an incarcerated *pro se* petitioner. Tennessee *pro se* litigants are entitled to fair and equal

treatment. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Indeed, *pro se* litigants are entitled to leniency because of a lack of formal legal education. *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003). *Pro se* litigants, however, must equally comply with substantive and procedural legal rules as litigants represented by formally trained attorneys. *Whitaker*, 32 S.W.3d at 227. While Appellant may experience a challenge to notarize the Petition, our role is not to alter substantive and procedural law.

## V.     CONCLUSION

For the reasons set forth above, we affirm the trial court's dismissal of the Petition for lack of subject matter jurisdiction. Costs of the appeal are assessed against the Appellant, Eddrick Booker, for which execution may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE

- 4 -