IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 3, 2021

**ALEXANDER MHLANGA v. STATE OF TENNESSEE**

**Appeal from the Chancery Court for Bledsoe County**
**No. 2020-CV-3395      Melissa T. Blevins-Willis, Chancellor**

_____

**No. E2020-01411-COA-R3-CV**

_____

An inmate filed a petition for a common law writ of certiorari seeking review of the Tennessee Department of Correction's disciplinary decisions. Because the inmate's petition failed to comply with constitutional and statutory requirements, the trial court dismissed the petition for lack of subject matter jurisdiction. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Alexander Mhlanga, Pikeville, Tennessee, for the appellant, pro se.

Herbert H. Slatery, III, Attorney General and Reporter, and Erin A. Shackelford, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Alexander Mhlanga is an inmate in the custody of the Tennessee Department of Correction ("TDOC" or "the Department"). In October 2019, Mr. Mhlanga was cited for two disciplinary offenses: possession/selling intoxicants and failure to participate. The prison disciplinary board found Mr. Mhlanga guilty of possession/selling intoxicants (on October 11) and of failure to participate (on October 25). The warden upheld these decisions, and the TDOC commissioner issued a final order affirming the warden's decision on December 10, 2019.

On February 5, 2020, Mr. Mhlanga filed a petition for common law writ of certiorari seeking review of TDOC's final administrative order regarding the two disciplinary offenses. In his petition, Mr. Mhlanga made the following allegations:

(1) Plaintiff was unlawfully detained for nine days in segregation housing unit (SHU) in violation of Tennessee Code Annotated 55-10-616 between plaintiff's housing at SHU from October 11, 2019 to November 14, 2019. Sgt. Charles Goines violated petitioner's constitutional and due process rights subjecting petitioner to unlawful confinement for his class A and B convictions as a result of Sgt. Goines's abuse of power and authority acting under color of state law.

(2) There was no physical evidence at the disciplinary hearing, physical evidence was destroyed before the hearing when Captain James Hillis destroyed the petitioner's physical evidence for his defense when he served him with class A write-up. Petitioner's rights were violated when Captain Hillis and Sgt. Charles Goines failed to follow the Uniform Disciplinary Procedure Policy 502.01(VI) . . . .

(3) Petitioner contends he pled not guilty to both write ups and that he had a due process right to call witnesses to both of his disciplinary hearings and that the denial of his witnesses to come forward was prejudicial to his defense.

(4) Petitioner contends that the deprivation of telephone use to call for legal assistance, family and friends and the 17 day cost of appealing CR-1834 and CR-1833 written copies to the library clearly violated his rights under eighth amendment to be free from cruel and unusual punishment.

(5) Petitioner was mandated and enrolled in TCOM program for 5 months, was left with 4 months to graduate and on October 25, 2019 petitioner was unlawfully discharged from the program which prolonged petitioner's out date. Petitioner's red date was December 30, 2018.

In his prayer for relief, Mr. Mhlanga requested the appointment of counsel, dismissal of both citations, reinstatement into the TCOM[1] program, and compensatory damages for alleged due process violations.

In March 2020, the Department filed a motion to dismiss the petition for writ of certiorari on the grounds that Mr. Mhlanga "failed to comply with constitutional and statutory verification and notarization requirements and Tenn. Code Ann. § 41-21-807." On May 8, 2020, Mr. Mhlanga filed a response to TDOC's motion to dismiss and a verified and notarized petition for common law writ of certiorari. After a hearing (via teleconference) in September 2020, the trial court entered an order, dated November 9, 2020, granting TDOC's motion to dismiss based on a lack of subject matter jurisdiction.

---

[1] TCOM stands for "Therapeutic Community."

On appeal, Mr. Mhlanga raises a number of issues, which we restate as follows: (1) whether the trial court erred in failing to allow him to amend his petition, (2) whether the trial court erred in granting TDOC's motion to dismiss, (3) whether the trial court failed to properly consider his pro se status, (4) whether the underlying disciplinary citations were unsupported by the evidence, (5) whether TDOC officials failed to follow disciplinary policy, (6) whether he was denied due process because TDOC refused to allow him to call witnesses, (7) whether he was deprived of the opportunity to seek legal counsel by being deprived of telephone privileges, and (8) whether he was unlawfully discharged from the TCOM program, thereby prolonging his release date.

STANDARD OF REVIEW

The common law writ of certiorari is the proper procedural vehicle for prisoners to seek review of decisions by prison disciplinary boards. *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). The scope of review is limited to "a determination of whether the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *Id.* Under the common law writ of certiorari, we do not review the correctness of the board's decision, *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997), but we review "the manner in which the decision is reached," *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

The trial court dismissed Mr. Mhlanga's petition for writ of certiorari for lack of subject matter jurisdiction. Subject matter jurisdiction involves a court's authority to adjudicate a particular controversy. *Jackson v. Tenn. Dep't. of Corr.*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Subject matter jurisdiction presents a question of law, which we review de novo with no presumption of correctness. *Northland Ins. Co.*, 33 S.W.3d at 729; *Orr v. Tenn. Dep't of Safety*, No. M2012-02711-COA-R3-CV, 2014 WL 468230, at *2 (Tenn. Ct. App. Feb. 4, 2014).

ANALYSIS

We must determine whether the trial court properly dismissed Mr. Mhlanga's petition for lack of subject matter jurisdiction. If a court lacks subject matter jurisdiction, it has no authority to decide a case. *Jackson*, 240 S.W.3d at 243.

Article 6, section 10 of the Tennessee Constitution states: "The Judges or Justices of the Inferior Courts of Law and Equity, shall have the power in all civil cases, to issue writs of certiorari to remove any cause or the transcript thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*." (Emphasis added). This constitutional provision is codified at Tenn. Code Ann. § 27-8-

104(a).[2] Pursuant to Tenn. Code Ann. § 27-8-106, a petition for writ of certiorari may be sworn to before designated officials, including a notary public. Thus, for a petition for writ of certiorari to be valid, "'the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public.'" *Sepulveda v. Tenn. Bd. of Parole*, 582 S.W.3d 270, 274 (Tenn. Ct. App. 2018) (quoting *Jackson*, 240 S.W.3d at 245). Notarization of a document "'acknowledges the proper execution of [the] document,'" *Jackson*, 240 S.W.3d at 244 (quoting *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 WL 123501, at *2 (Tenn. Ct. App. Jan. 20, 2005)), and "'verification establishes the truth of the document's contents,'" *id.* (quoting *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990)). If a petition for writ of certiorari is not verified and notarized, the court lacks subject matter jurisdiction to adjudicate the case. *Talley v. Bd. of Prof'l Responsibility*, 358 S.W.3d 185 192 (Tenn. 2011); *Sepulveda*, 582 S.W.3d at 272.

Mr. Mhlanga's original petition, filed on February 5, 2020, contains no statement attesting to the truth of the allegations in the petition and is not notarized. Because the petition fails to meet the constitutional and statutory requirements, the trial court properly dismissed the petition for lack of subject matter jurisdiction. *See Sepulveda*, 582 S.W.3d at 276.

Mr. Mhlanga argues that he should have been permitted to amend his petition to comply with the verification and notarization requirements. As Mr. Mhlanga correctly asserts, Tenn. R. Civ. P. 15.01 allows petitioners to amend their pleadings under certain circumstances. Pursuant to Tenn. Code Ann. § 27-9-102, a petition for writ of certiorari must be filed "within sixty (60) days from the entry of the order or judgment." A trial court may extend the sixty-day time period but, once the sixty days have expired, "the trial court no longer has such jurisdiction." *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007). Thus, an amendment to bring a petition into compliance with the jurisdictional requirements must be filed within sixty days of entry of the order being appealed. *Id.* In the present case, the order being appealed was issued by TDOC on December 10, 2019, and the sixty days for filing a petition for certiorari meeting the jurisdictional requirements expired on February 10, 2020. Mr. Mhlanga did not submit his amended petition until May 8, 2020, by which time the trial court no longer had jurisdiction. *See Richardson v. Tenn. Bd. of Prob. & Parole*, No. M2008-02568-COA-R3-CV, 2009 WL 3046960, at *5 (Tenn. Ct. App. Sept. 23, 2009) ("'To grant time in which to file [a] petition for certiorari after the expiration of the original term is a power not given to this court.'") (quoting *Blair*, 246 S.W.3d at 41).

---

[2] Tennessee Code Annotated section 27-8-104(a) states: "The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation."

For the foregoing reasons, we conclude that the trial court properly dismissed Mr. Mhlanga's petition for lack of subject matter jurisdiction. This conclusion pretermits the remaining issues raised by Mr. Mhlanga.

We acknowledge Mr. Mhlanga's argument that he was unfairly prejudiced by his lack of counsel in this case. Prison "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)). Moreover, "[i]ndigent civil litigants, unlike indigent criminal litigants, possess neither the constitutional nor the statutory right to court-appointed legal assistance." *Bell v. Todd*, 206 S.W.3d 86, 92 (Tenn. Ct. App. 2005). Thus, Mr. Mhlanga had no right to counsel in proceedings challenging TDOC disciplinary action.

As a pro se litigant, Mr. Mhlanga is "entitled to fair and equal treatment by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). The following principles apply to pro se litigants:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young*, 130 S.W.3d at 62-63 (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Thus, neither the trial court nor this court may excuse Mr. Mhlanga from complying with the constitutional and statutory jurisdictional rules governing the filing of a petition for common law writ of certiorari.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Alexander Mhlanga, and execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE